TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00740-CR

NO. 03-95-00741-CR







Cleo Black, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NOS. 0914444 & 0953208, HONORABLE JON N. WISSER, JUDGE PRESIDING





 In July 1992, Cleo Black pleaded guilty to the charge of aggravated assault and was placed
on deferred adjudication for a period of six years. (1) In June 1995, Black was indicted for three counts of
aggravated assault and one count of deadly conduct. See Tex. Penal Code Ann. §§ 22.02, 22.05 (West
1994). The State filed a motion to proceed to adjudication of guilt in the earlier cause, alleging, inter alia,
the commission of the three assaults. Black pleaded not guilty to the later charges, but in October 1995,
a jury found him guilty on all three counts. (2) On October 12, 1995, the trial court sentenced Black to serve
concurrent sentences of a total of seventeen years for the 1995 offenses. That same day the trial court
adjudicated Black guilty in the earlier cause and sentenced him to ten years' confinement in the Texas
Department of Criminal Justice--Institutional Division for that offense. Black challenges his conviction for
the 1995 offenses by two points of error complaining of the court's jury charge. He likewise complains
that the trial court erred in adjudicating guilt in the earlier cause based on this erroneous later conviction. 
We will affirm both judgments.


1995 Offenses


 Black does not challenge the sufficiency of the evidence, so we will give only an
abbreviated summary of the facts. In May 1995, Black drove to a home in east Austin with a number of
companions. They challenged a young man in the home to come out and fight. The car sped off when a
number of people emerged from the house, but appellant and other members of this alleged "gang" stayed
behind. Black pulled out a handgun and began firing at the people gathered in front of the house. 
Fortunately, everyone scattered quickly and no one was injured.

 After the close of evidence, the court submitted its charge to the jury. During closing
argument, defense counsel argued that, according to the court's charge, to find Black guilty of aggravated
assault the jury would have to find that he "intentionally and knowingly caused bodily injury," when in fact
he did not cause bodily injury to anyone. At that point the trial court interrupted and informed the State
and the defense that the charge obviously contained a clerical error and that the court would have to amend
the charge to properly reflect the legal definition of assault to include "intentionally or knowingly causes or
threatens imminent bodily injury to another." Appellant objected to the court's amendment of the charge. 
When this objection was overruled, defense counsel concluded his closing argument. 

 On appeal, Black contends the trial court erred by (1) amending the charge after it had
been read to the jury, and (2) failing to give defense counsel an opportunity to review and object to the new
charge. 

 In his first point of error, Black relies on the Code of Criminal Procedure to argue that the
court erred in amending the charge after it had been read to the jury. See Tex. Code Crim. Proc. Ann.
arts. 36.14 & 36.15 (West Supp. 1997) (court shall deliver to the jury a written charge before argument
begins). Although his brief suggests that the court may never amend an erroneous charge after argument
has begun, defense counsel admitted at oral argument that article 36.16 permits a trial court to withdraw
and correct its charge if convinced that an erroneous charge has been given. See Id. art. 36.16 (West
1981). The court of criminal appeals has recently affirmed opinions dating back to 1915 holding that the
trial court may correct an erroneous charge after argument has begun. See Smith v. State, 898 S.W.2d
838, 854 (Tex. Crim. App. 1995); Bustillos v. State, 464 S.W.2d 118, 125-26 (Tex. Crim. App. 1971);
Nowlin v. State, 175 S.W. 1070, 1072 (Tex. Crim. App. 1915). Indeed, in Smith, the trial court
corrected conflicting instructions after the jury had begun its deliberations. In the cause before us the
charge contained conflicting instructions, at one point instructing the jury that "assault" means "to cause
bodily injury," while in another part of the charge it informed the jury that they could find appellant guilty
of aggravated assault if they believed he "threatened imminent bodily injury." A person commits the offense
of assault if he (1) intentionally or knowingly causes bodily injury to another or (2) threatens another with
imminent bodily injury. Tex. Penal Code Ann. §22.01 (West 1994). The indictment alleged the latter
theory of the offense. We hold the trial court did not err in amending the clerical error that omitted the
second definition of assault in one part of the charge in order to remedy the conflicting instructions. 

 At oral argument, appellant advanced the novel argument that although the court might
amend its charge by in "penciling in" the changes, it could not retype the charge to reflect the
amendments. Counsel points to no authority to support such a restriction on the court's ability to amend
an erroneous charge and we reject the contention. We overrule the first point of error.

 In his second point of error, appellant argues that he was not given reasonable time to
review and object to the amended charge. We have reviewed the record and note that the court gave
defense counsel an opportunity to object to the amended charge, that defense counsel did object to the
amended charge, and after the trial court overruled his objection, defense counsel continued his closing
argument, focusing on the amended charge, which was a correct statement of the law. We overrule the
second point of error.

 Finding no error, we affirm the trial court's judgment of conviction in Trial Court Cause No.
0953208.


1991 Offense


 In his consolidated appeal, Black complains that if the later conviction was erroneous, the
court erred in considering it to adjudicate his guilt in the earlier cause. Appellant concedes that he cannot
prevail in this second appeal unless we find error in the later conviction. Indeed, appellant presents nothing
for us to review, as no appeal may be taken from the determination to proceed to adjudication. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997); see Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v. State
615 S.W.2d 771, 771 (Tex. Crim. App. 1981). After adjudication of guilt, all proceedings, including the
appeal, continue as if the adjudication of guilt had not been deferred. Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (West Supp. 1997). Appellant advances no point of error directed to the earlier judgment
of the trial court; accordingly, we affirm the judgments of conviction. (3)



 

 Bea Ann Smith, Justice

Before: Chief Justice Carroll, Justices Aboussie, B. A. Smith

Affirmed on Both Causes

Filed: May 1, 1997

Do Not Publish

1. Trial Court Cause number 0914444 for this offense corresponds to Appeal No. 03-95-740-CR.
2. Trial Court Cause number 0953208 for these offenses corresponds to Appeal No. 03-95-741-CR.
3. Despite its earlier pronouncement in Phynes that the appellate court should dismiss an attempt to
appeal from the determination to proceed to adjudication, in Olowosuko the court of criminal appeals
stated that the proper disposition in such a case is to affirm the conviction. Olowosuko, 826 S.W.2d at
942.


Nowlin v. State
, 175 S.W. 1070, 1072 (Tex. Crim. App. 1915). Indeed, in Smith, the trial court
corrected conflicting instructions after the jury had begun its deliberations. In the cause before us the
charge contained conflicting instructions, at one point instructing the jury that "assault" means "to cause
bodily injury," while in another part of the charge it informed the jury that they could find appellant guilty
of aggravated assault if they believed he "threatened imminent bodily injury." A person commits the offense
of assault if he (1) intentionally or knowingly causes bodily injury to another or (2) threatens another with
imminent bodily injury. Tex. Penal Code Ann. §22.01 (West 1994). The indictment alleged the latter
theory of the offense. We hold the trial court did not err in amending the clerical error that omitted the
second definition of assault in one part of the charge in order to remedy the conflicting instructions. 

 At oral argument, appellant advanced the novel argument that although the court might
amend its charge by in "penciling in" the changes, it could not retype the charge to reflect the
amendments. Counsel points to no authority to support such a restriction on the court's ability to amend
an erroneous charge and we reject the contention. We overrule the first point of error.

 In his second point of error, appellant argues that he was not given reasonable time to
review and object to the amended charge. We have reviewed the record and note that the court gave
defense counsel an opportunity to object to the amended charge, that defense counsel did object to the
amended charge, and after the trial court overruled his objection, defense counsel continued his closing
argument, focusing on the amended charge, which was a correct statement of the law. We overrule the
second point of error.

 Finding no error, we affirm the trial court's judgment of conviction in Trial Court Cause No.
0953208.


1991 Offense


 In his consolidated appeal, Black complains that if the later conviction was erroneous, the
court erred in considering it to adjudicate his guilt in the earlier cause. Appellant concedes that he cannot
prevail in this second appeal unless we find error in the later conviction. Indeed, appellant presents nothing
for us to review, as no appeal may be taken from the determination to proceed to adjudication. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997); see Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v. State
615 S.W.2d 771, 771 (Tex. Crim. App. 1981). After adjudication of guilt, all proceedings, including the
appeal, continue as if the adjudication of guilt had not been deferred. Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (West Supp. 1997). Appellant advances no point of error directed to the earlier judgment
of the trial court; accordingly, we affirm the judgments of conviction. (3)



 

 Bea Ann Smith, Justice

Before: Chief Justice Carroll, Justices Aboussie, B. A. Smith

Affirmed on Both Causes