## TOM NOWLIN v. THE STATE.

### No. 3494. Decided April 14, 1915.

**1.—Burglary—Evidence—Identification of Property.**

Upon trial of burglary, there was no error in admitting testimony that the officers, as soon as they were informed of the burglary, searched for the stolen goods and the guilty party; that they searched defendant's house and found in his and his brother-in-law's trunk two of the shirts which were identified as some of the stolen goods from the burglarized railroad car; although defendant denied that he had gotten these articles and produced others of a like kind, which he said the officers got out of his trunk; this was a question for the jury.

**2.—Same—Evidence—Other Offenses.**

Where, upon trial of burglary, the defendant testified that he did not participate in said offense as allegd, and also showed this by another witness, whereupon, the State in rebuttal, introduced testimony of another burglary which had occurred shortly before the one for which defendant was being tried, and that articles were taken during said prior burglary, some of which were found afterwards in defendant's possession, but failed to prove in addition to this testimony of an accomplice that said prior burglary had taken place and said articles had been taken, the same should not have been admitted over the objections of defendant.

**3.—Same—Other Offenses—Charge of Court—Additional Charges.**

Where, upon trial of burglary, the court permitted the State by the testimony of an accomplice to show that a prior burglary had been committed; that some of the stolen articles, which were taken during said burglary, were found in the possession of defendant, but this testimony was not corroborated by other witnesses, and the court, thereupon, submitted a charge limiting the same to the purpose of identity, res gestae and system, but afterwards withdrew said charge after counsel for the defense had objected thereto and closed their argument to the jury, and then submitted another charge which was on the weight of the testimony and limited to an entirely different purpose, and refused to permit counsel to argue the proposition submitted in the second charge, the same was reversible error.

**4.—Same—Charge of Court—Statutes Construed—Practice.**

Since the amendment of articles 735, 737, 737a and 743, Code Criminal Procedure, the court must deliver his charge before the argument of counsel. and if article 737a, supra, is to be literally construed, the court has no right over defendant's objection to change his charge or to give any additional charge,

especially, after the argument of counsel is concluded, except those mentioned in this article; yet, when all the statutes and decisions upon this subject are considered, it can not be held that the court in no instance could change his charge when he finds that the same is erroneous, but when he submits such charge, he should give counsel an opportunity to argue the same and regulate the time to be consumed therefor; besides, the charge was upon the weight of the evidence, and reversible error.

**5.—Same—Evidence—Rule Stated—Other Offenses—Accomplice.**

The rule that. independent crimes by an accused are ordinarily inadmissible is well established, but it is equally well established that there are certain exceptions to this rule, and where, upon the trial of burglary, the State could show in addition to the testimony of an accomplice that prior to the burglary for which defendant was being tried, a similar burglary was committed and that defendant delivered certain articles taken during said prior burglary to other parties, which the officers claimed were found in his possession and identified as part of the property stolen during said prior burglary, the same would be admissible in evidence; however, if such proof could not be made, then the court should exclude all the testimony of the accomplice as to said prior burglary. Following Wyatt v. State, 55 Texas Crim. Rep., 73, and other cases.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Chas. E. Witt* and *Chas. B. Braun,* and *Witt & Saunders,* for appellant.—On question of want of corroboration of accomplice testimony and the introduction of testimony of other offenses: Bowman v. State, 70 Texas Crim. Rep., 22, 155 S. W. Rep., 939; Smith v. State, 51 Texas Crim. Rep., 427, 105 S. W. Rep., 501; Long v. State, 47 S. W. Rep., 363; Denton v. State, 60 S. W. Rep., 670; Hill v. State, 73 S. W. Rep., 9; Bink v. State, 89 S. W. Rep., 1075; Wright v. State, 56 Texas Crim. Rep., 353, 120 S. W. Rep., 458; Kaufman v. State, 70 Texas Crim. Rep., 438, 159 S. W. Rep., 58; Herndon v. State, 50 Texas Crim. Rep., 552, 99 S. W. Rep., 558; Melton v. State, 63 Texas Crim. Rep., 362, 140 S. W. Rep., 230; People v. Molineaux, 168 N. Y., 364.

On question of court's charge with reference to defendant's account for his possession of certain alleged stolen property: Saldivar v. State, 115 S. W. Rep., 584; Kelley v. State, 20 S. W. Rep., 365; Schwen v. State, 35 S. W. Rep., 172; Welhausen v. State, 18 S. W. Rep., 300; Musgrave v. State, 11 S. W. Rep., 927; 12 Cyc., 407-411, and cases cited supra.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of other offenses: Morgan v. State, 31 Texas Crim. Rep., 1; Melton v. State, 63 Texas Crim. Rep., 362, 140 S. W. Rep., 230; Kelley v. State, 20 S. W. Rep., 365.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the burglary of a box car. The uncontroverted testimony shows that

on the night of August 16, 1914, a box car in charge of the agent of one of the railroads running into Waco was burglarized and a large amount of merchandise stolen out of it at the time. Some of said merchandise was found in and above the ceiling of the building of the railroad company, used by appellant and other employees. Also others of the goods were found in another place. M. L. De Lay, who, by his own testimony, was one of the participants in the burglary and theft, testified that appellant was one of the parties who were also guilty of the burglary and theft. Appellant testified. He did not deny that a burglary of said car and theft of goods therefrom had been committed, but he denied any participancy whatever therein or any knowledge thereof, and testified that he was not at said burglarized car at the time it was burglarized, nor had anything to do with it, but was at another location in the yards of the company at the time, and he also introduced another witness, Brun, whose testimony tended to show the same thing. It thereupon became important for the State to introduce other evidence than that of the confessed participant De Lay to show that appellant was present and participated in the burglary and theft from said car, and corroborate De Lay.

S. S. Fleming, the sheriff, and his deputy, Lee Jenkins, both testified, in substance, that soon after the burglary they were informed of it and began an investigation to find the stolen goods and to ascertain the guilty parties; that they went to appellant's home, found him there and searched his house; that they found in his and his brother-in-law's trunk, among others, two shirts which were amply identified as two of the shirts stolen from said burglarized car; they also found there in appellant's possession a certain coat which was produced and identified on the trial. Said officers further testified that when they found said two shirts in appellant's trunk he, at first, denied that they were his, claiming that they were his brother-in-law's, who had bought them. This occurred in the presence of appellant's sister and she, in his presence, denied this and stated that he, appellant, had brought them there, and that they were not her husband's. Appellant made no reply to this. The officers, on the trial, produced and identified the shirts they claimed they got out of appellant's trunk. Appellant, in his testimony, denied that they had gotten these and himself produced others and identified them, claiming those he produced and not those produced by the officers were those they got out of his trunk. All this testimony by the officers was admissible and pertinent, even though appellant, on the trial, denied that the two shirts the officers identified were those taken by them out of his trunk and swore that he had never seen them or had them in his possession. The question of whether he or the officers were correct, was a question for the jury.

After appellant himself testified that he did not participate in said burglary of August 16th and had nothing to do with it, etc., and had his witness, Brun, to testify as stated, the State then, in rebuttal, reintroduced De Lay, who, in effect, testified that on the night of July 31, 1914, he and appellant at night burglarized another car in said

same railroad yard and took therefrom certain men's clothing; that they took these clothes that night to the house of a negro, Walter Jones, and his wife, Josie, and left them there till next morning. Walter and Josie Jones both, in substance, testified corroborating De Lay about he and appellant bringing said clothes to and leaving them in their house that night; that the next morning appellant came to their house with a large suit case, got all the clothes, except one pair of pants, which Nowlin gave to Walter Jones. De Lay further testified that appellant sent the suit case with the clothes in it by another negro to him, directed that he get out the clothes he, De Lay, wanted, and waited across the street in sight for this to be done. That De Lay took out the clothes he wanted and the negro took the others in the suit case back to Nowlin. The officers got said pair of pants from Walter Jones and they were produced and identified on the trial of this case. The State claimed that said coat the officers found in appellant's possession at the time they searched his house was one of the articles stolen out of said car on July 31st. The circumstances might probably show this. At least, they so tended. The officers testified that when they found this coat at appellant's house he claimed he had bought it from Mr. Lochridge. He denied in his testimony that he so told the officers, but said he told them that he bought it from Mr. Burnett. The State introduced Mr. Lochridge's clerk (Lochridge himself being out of the State at the time of the trial), who testified that said coat did not come from Lochridge's stock. Mr. Burnett testified, in substance, that he had not sold said coat to appellant. The State introduced no other testimony than that of De Lay, except perhaps some circumstances that said car was burglarized on the night of July 31st, nor that either or both said coat and pants were stolen from it at the time. If this be true, the State should have proven it by testimony in addition to that of De Lay to corroborate him at least, and to identify said coat and pants as stolen therefrom.

All this testimony about the burglary of said car on July 31st, and that appellant and De Lay took some of the stolen articles to the house of said negro and left them there and subsequently got them, and all about the pants left with the negro, and the said coat found in appellant's possession, was admitted over appellant's objections. He contends that it was about a separate and distinct crime committed at a different time and was wholly inadmissible in this case for any purpose. At the time the court admitted it, the State claimed that it was admissible for the purpose of showing system, and the court admitted it on that theory.

When the court prepared his charge he, in effect, told the jury that he admitted said testimony "to establish the identity in developing in res gestae and system of the alleged offense, or to prove the guilt of the accused by circumstances connected with the burglary charged, or to show intent, etc.," and that the jury could consider it for those purposes only. In accordance with the statute when the judge prepared his charge he gave it to appellant's attorneys to make objections

thereto if any they had. Appellant's attorneys then objected to said charge for various reasons. It seems the court still adhered to the charge and made no change therein upon appellant's objections thereto, and as thus prepared read it to the jury. The attorneys for both sides then argued the case and completed their argument. After this the court, it seems, concluded that he had made a mistake on this point in his charge and had permitted the jury thereby to consider said testimony for improper purposes. Thereupon, he took out that charge, told the jury not to consider it, and substituted in place of it this charge:

"In this case there has been admitted in evidence facts which you may find tend to connect the defendant with the burglarious entry of a railroad car other than that alleged in the indictment, and at a time prior to that alleged in the indictment, and you are instructed that you can only consider such testimony for the purpose for which it was admitted, which is, the defendant accounted for his possession of certain property found in his possession in a manner consistent with his innocence. The evidence as to a prior burglary was admitted before you for the sole purpose of showing whether or not his explanation of his possession was true, and you will not consider said evidence for any other purpose whatever. And, in this connection, you are instructed that the railroad car charged in the indictment to have been entered is identified by the evidence as H. & T. C. car No. 11213, and you can not convict the defendant and return a verdict of guilty for an entry of any other car, though you might find and conclude from the evidence that defendant committed the offense of burglary on another and different occasion." When the court did this, appellant objected, claiming that it was on the weight of the evidence in several particulars, specifying them, and that there was no evidence other than that of said accomplice De Lay which shows or tends to show the burglarious entry of any car on the night of July 31st. And he specially excepted to it further that at that stage of the trial the court could not further charge the jury at all, but if the court, notwithstanding his objections, at that time would so change his charge, they demanded the privilege of arguing that feature of the matter before the jury. The court inquired how long they wanted to argue that point. The attorneys replied they wanted rather a long time. E. E. Witt and W. R. Saunders were law partners at the time. Mr. E. E. Witt had not participated in the trial, but Charles E. Witt and Mr. Saunders as attorneys for appellant had conducted the trial. Mr. E. E. Witt happened in the courtroom at the time when this matter was before the judge. The judge refused to permit either of the attorneys who participated in the trial to argue the point, but offered to let Mr. E. E. Witt do so. Mr. E. E. Witt declined to make any argument at all because he had not been engaged in the trial.

The inference can well be drawn from all that occurred that appellant's attorneys in arguing his case before the jury in this particular may have tended to convince the court and jury that the said charge

he had given was inapplicable, and that the said testimony was not admissible for the purposes the judge had expressly stated it was in his charge; but whether the attorneys' argument so convinced him or not, at any rate, at that late time he changed his opinion and charge and restricted the jury to the consideration of it for a purpose entirely different from what he had originally charged.

Before the Act of April 5, 1913, amending articles 735, 737 and 743 and adding article 737a to our Criminal Procedure, the statute required the judge to deliver his charge to the jury after all the argument was concluded. These articles now require the judge to deliver his charge before the argument, and if article 737a is to be literally construed, the court has no right over appellant's objection to change his charge or give any additional charge, in any contingency after the argument has been concluded except those mentioned in this article. But we believe that taking all of our statutes and previous decisions into consideration and the purpose and object of the Legislature in making the changes by said Act of 1913, said article 737a should not be construed to prohibit the court absolutely under all circumstances from changing or adding to his charge. For instance, if the court should become convinced that an erroneous charge against the accused had been given he should not be precluded from withdrawing it and correcting the matter before the verdict. Otherwise, trials in some instances would be mere farces, for when the jury returned a verdict of guilty under such an erroneous charge the court would be under the necessity of at once setting the verdict aside and retrying the whole case. Take this case as an illustration, we think it clear that the court's first charge on this subject was erroneous and against appellant. The court ought, in a proper way, to have corrected the matter. However, we conclude from the whole record that appellant in good faith desired to argue the question when the court changed his charge and he was deprived of a valuable right, prejudicial to him, by not being permitted to do so. The court could reasonably regulate the time allowed for such argument. He need not have given the appellant's attorneys a very long time, but he should have given them a reasonable time.

Besides this, we think the said charge given was upon the weight of the evidence in substantially the particulars specified by appellant at the time. For these errors the judgment must be reversed.

The rule that independent crimes by an accused are ordinarily inadmissible is too well established to need discussion. (Bowman v. State, 70 Texas Crim. Rep., 22, 155 S. W. Rep., 940, where some of the cases are collated.) But it is as equally well established that there are certain exceptions to this rule which are as well settled as the rule itself. Mr. Wharton, in his Criminal Evidence, vol. 1, sec. 31, states these exceptions. They have been approved and copied time and again in the decisions of this court. (Kauffman v. State, 70 Texas Crim. Rep., 438, 159 S. W. Rep., 58.) Among them, stated by Mr. Wharton, are: (8) To rebut special defenses. If on another trial the State should

introduce proof in addition to De Lay's evidence to show that said car
was burglarized on the night of July 31st, and said pair of pants,
claimed to have been delivered by appellant to the negro Walter Jones,
and the said coat the officers claimed they found in appellant's pos-
session, are reasonably identified as a part of the property stolen out
of said car on July 31st, then, it is our opinion, that the court should
admit in evidence the said testimony about the burglary of said car
and the goods taken therefrom on July 31st, which was objected to
by appellant, and we think the evidence in that event would be admis-
sible for the two purposes above specified. However, if the proof is
not made, then the court should exclude all of said evidence admitted
on this trial about the burglary of said car on July 31st. Wyatt v.
State, 55 Texas Crim. Rep., 73; Wright v. State, 56 Texas Crim. Rep.,
353; Hall v. State, 31 Texas Crim. Rep., 565; Wharton, Crim. Ev.,
sec. 41; People v. Cunningham, 66 Cal., 668.

We deem it unnecessary to discuss any other question raised. We
think no other error is pointed out. The judgment is reversed and
the cause remanded.

*Reversed and remanded.*