**Anthony Ray GAINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00860–CR.**

Court of Appeals of Texas, Dallas.

March 31, 1986.

Lawrence B. Mitchell, Dallas, for appellant.

Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for appellee.

Before SCALES, VANCE and DEVANY, JJ.

SCALES, Justice.

Appellant, Anthony Gaines, appeals from his conviction for burglary of a habitation. The jury found appellant guilty, and the trial judge assessed punishment at 60 years' confinement. Appellant does not challenge the sufficiency of the evidence, but brings one ground of error alleging the trial judge erred in correcting the jury charge after the prosecutor had begun closing argument to the jury. We overrule appellant's ground of error and affirm the trial court's judgment.

The record reflects that appellant entered the habitation of the complainant, raped her, and took eighteen dollars from her purse. The indictment charged appellant with entering complainant's habitation "with the intent to commit a theft *and* sexual assault" (emphasis added). Apparently the application paragraph of charge to the jury originally included only appellant's entry with intent to commit theft and omitted intent to commit sexual assault. Neither the State nor appellant objected to this charge. This charge was read to the jury, and the prosecutor then began his argument. Appellant objected to the prosecutor's references to the alleged sexual assault, on the grounds that that offense had not been submitted to the jury in the charge. The trial judge overruled these objections, but eventually interrupted the prosecutor's argument and held a hearing outside the jury's presence.

During this hearing, the trial judge initially stated:

While reading the charge, I recognized that the charge was incorrect. Neither side objected to the charge. I have already, prior to this objection being lodged, instructed the clerk of this Court to retype the application page, including the words "or sexual assault."

I intend to bring the jury back out, re-read the charge and re-begin arguments. If either side has any objections, they can state them now.

Appellant objected to any change being made in the charge "once it has been read to the jury and arguments have begun. We believe it's highly prejudicial to the defendant." The trial judge overruled this objection and appellant's motion for mistrial. After a short recess, the trial judge made a statement for the record, stating:

After I began reading the charge to the jury, I discovered that I had inadvertently omitted the words in the application page, "or sexual assault."

When I observed the omission of those words, I continued to read the charge, allowed arguments to begin, made a notation on the application page of the error, and instructed the clerk of the Court to retype the application page since the reporter was going to be transcribing argument.

During the first four minutes of argument, an objection was made by the defendant, through his counsel, that the charge failed to allege a sexual assault, that therefore no argument should be permitted which referred to a sexual assault.

. . . . .

... I gave both sides approximately two hours to research and offer to me any law they wish to offer on whether or not I have the discretion to change the charge once the jury began to hear argument.

It is my intention to correct the charge so that it will read as I intended for it to read at the close of evidence yesterday, and then either reread the entire charge to the jury, or the application page, based upon agreement or disagreement of counsel, and then restart the argument.

The State joined the trial court's motion to correct the charge, and appellant continued his objection to changing the charge, based on article 36.16 of the Texas Code of Criminal Procedure. Appellant argued that because the State did not object to the original charge, "they elected to proceed on the theft portion of the indictment." At that point, the trial judge stated:

I want the record to be clear that in my opinion it is a clerical error, because I dictated the words "or sexual assault."

When I reviewed the charge, I overlooked the omission of the language that I wanted in the charge. So as far as it being a clerical error, I do believe it was a clerical error.

The trial judge again overruled appellant's objection, and continued the trial until the next day (Monday), "out of a caution for the rights of the defendant."

On the following Monday, the trial judge proposed to read the corrected application page. Appellant, while continuing his objections from the earlier hearing, also objected on the ground that re-reading the charge would be a comment on the weight of the evidence. The trial judge sustained this objection, and proceeded with final arguments, docking the State for the five minutes already used. The trial judge stated to the jury only that "during the argument on Friday a problem arose, and it has now been corrected and we are going to proceed with the argument."

The trial judge entered the original application paragraph, page three of the charge, into the record. The exhibit reflects the judge's handwritten insertion "or sexual assault" after the typed phrase, "with the intent to commit theft." The exhibit also bears the judge's handwritten note to his court clerk: "Susan—Please retype this page to bring back to me—add the handwritten words".

In his ground of error, appellant maintains that the trial judge's correction of the charge violated article 36.16 of the Texas Code of Criminal Procedure. Article 36.16 provides in pertinent part: "After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony...." TEX.CODE CRIM. PROC.ANN. art. 36.16 (Vernon 1981). Appellant argues that amending the charge in this case does not fall within any of the three exceptions mentioned in article 36.16. Appellant recognizes that the Court of Criminal Appeals has held that the trial judge may amend an erroneous charge, *e.g. Bustillos v. State*, 464 S.W.2d 118, 125 (Tex.Crim.App.1971); however, appellant argues, the original charge in this case was not erroneous. Appellant contends that, because the State did not object to the original charge, the State acquiesced in the election as to intent which was made on the State's behalf by the trial judge.

■ We cannot agree with appellant's analysis. The error made, omitting intent as to sexual assault in the application paragraph on page three of the charge, was

clearly a clerical error. Intent to commit a felony and intent to commit a sexual assault are expressly defined elsewhere in the charge. In the second paragraph on page one, the charge defines burglary as to include "with intent to commit a felony or theft." In the sixth paragraph, the charge reads: "[B]efore you would be warranted in finding the defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the entry, if any, in the habitation was so made with the intent to commit the specific crime of theft, or to commit a sexual assault." The charge also defines sexual assault and the term "spouse" as used therein, on page two. Only the application paragraph originally omitted any reference to intent to commit sexual assault. Given these facts, we cannot say that the State acquiesced in an election. It seems clear that the omission was merely clerical error.

■ The court may, after arguments have begun but before the verdict, withdraw and correct its charge if the court is convinced that an erroneous charge has been given. *Bustillos v. State,* 464 S.W.2d 118, 125 (Tex.Crim.App.1971) (court corrected its "clerical error" by striking "with a gun" from two paragraphs of charge where manner and means not necessary to charge but evidence undisputed that offense committed with a gun); *Chambers v. State,* 379 S.W.2d 907, 908 (Tex.Crim.App. 1964) (charge amended to "correctly state the law"); *Herriage v. State,* 158 Tex. Crim. 362, 255 S.W.2d 516, 518 (1953) (no error to amend charge to correctly state suspended sentence law). We perceive no difference between these cases and the case before us; here, the trial court corrected a clerical error in the application paragraph in order to make that paragraph and the preceding definitions in the charge consistent. We hold that the trial judge did not err in withdrawing and correcting the charge in this case.

We overrule appellant's ground of error and affirm the judgment of the trial court.