**Dwight C. MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–01158–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 4, 1993.

Discretionary Review Refused
June 9, 1993.

---

Kirk J. Oncken, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Barrett Reasoner, Houston, for appellee.

Before SAM BASS, HEDGES and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was found guilty by a jury of delivering cocaine, and the judge, after finding two enhancement paragraphs true, assessed punishment of 45 years in prison. We reverse and remand.

In his first point of error, appellant contends the trial judge erred by amending the jury charge after defense counsel had argued to the jury. Over objection, the judge added an instruction on the law of parties, even though defense counsel had already argued to the jury that appellant should be acquitted because he did not personally commit the crime, and the charge did not authorize his conviction for the conduct of another. We hold this amendment constituted reversible error.

Neither side objected to the original jury charge, and it was read to the jury without any instruction on parties. TEX.PENAL CODE ANN. §§ 7.01, 7.02 (Vernon 1974). The State waived opening argument, and defense counsel then argued that appel-

lant's conduct showed neither an actual nor a constructive delivery, and he should be acquitted because the charge did not authorize his conviction for the conduct of another. The State made no objection to this argument.

Immediately after defense counsel's argument, the State requested the charge be amended by adding a parties instruction. Appellant did not object to the substance of the instruction, but strenuously objected to the timing, asserting the amendment came too late. The trial judge overruled the objection, added a parties instruction, and told the jury the parties instruction had been omitted "inadvertently." The judge then offered defense counsel five more minutes of argument, but counsel declined and made the prescient statement, "The defense does not intend to argue for a second time in front of *this* jury." (Emphasis supplied.) The judge read the parties instruction to the jury, and the State then argued that appellant was guilty as a party.

■ Texas law provides, "After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony...." TEX.CODE CRIM. P.ANN. art. 36.16 (Vernon 1981). None of these things happened here. There was no improper defense argument, no request of the jury, and no additional testimony after evidence closed. Thus, amending the charge violated article 36.16.

The State cites many cases and contends that despite the plain language of article 36.16, a judge may amend the charge after argument has begun, if the charge is erroneous. For several reasons, that authority does not justify what happened here. First, the original charge was not erroneous. Second, the State's cases are distinguishable.

Some cases the State relies on are inapplicable because they were decided before the enactment of article 36.16 and its predecessor, article 660 of the Code of Crimi-

nal Procedure of 1925. *Hill v. State*, 92 Tex.Crim. 312, 243 S.W. 982 (Tex.Crim.App. 1922); *Jacobs v. State*, 85 Tex.Crim. 505, 213 S.W. 628 (Tex.Crim.App.1919); *Nowlin v. State*, 76 Tex.Crim. 480, 175 S.W. 1070 (Tex.Crim.App.1915); *Holt v. State*, 39 Tex. Crim. 282, 45 S.W. 1016 (Tex.Crim.App. 1898). Thus, those courts were not bound by statutory requirements, as we are. *Jacobs* and *Nowlin* are inapplicable for a second reason as well. In *Jacobs*, the defendant agreed to the amendment, and in *Nowlin*, the amended charge favored the defendant. *See Jacobs*, 213 S.W. at 628; *Nowlin*, 175 S.W. at 1071–72.

In four other cases relied on by the State, as in *Jacobs* and *Nowlin*, the amended charge also favored the defendant or was requested by him. *Bustillos v. State*, 464 S.W.2d 118, 125–26 (Tex.Crim.App. 1971) (amended charge was exactly as defendant had originally requested); *Herriage v. State*, 158 Tex.Crim. 362, 255 S.W.2d 516, 518 (Tex.Crim.App.1953) (amendment favored the defendant); *Lanham v. State*, 120 Tex.Crim. 201, 47 S.W.2d 306, 308 (Tex.Crim.App.1932) (op. on reh'g) (defendant requested the amended charge); *Durrough v. State*, 672 S.W.2d 860, 874–75 (Tex.App.—Corpus Christi 1984), *remanded on other grounds*, 693 S.W.2d 404 (Tex. Crim.App.1985) (defendant had previously requested the charge given, over objection, as supplement to original charge). The State also relies on *Chambers v. State*, 379 S.W.2d 907, 908 (Tex.Crim.App.1964); there, the error was waived, and the opinion says nothing about the contents of the charge.

The State's other authorities are also unavailing. In *Gaines v. State*, 710 S.W.2d 630 (Tex.App.—Dallas 1986, pet. ref'd), the indictment alleged burglary with intent to commit both theft and sexual assault, but the part of the original charge applying the law to the facts authorized conviction only for burglary with intent to commit theft. Elsewhere in the original charge, however, sexual assault and words comprising its elements were repeatedly defined and explained. The trial judge declared that there was a clerical error by his typist because he had dictated the words "sexual assault" in the application paragraph, but they were omitted by mistake. *Id.* 710 S.W.2d at 632. Here, the original charge said nothing about the law of parties. Further, there was no finding of clerical error here. Finally, in *Smith v. State*, 635 S.W.2d 591, 592–93 (Tex.App.—Dallas 1982, no pet.), there was no amendment. The judge sustained the defendant's objection to the amendment, causing the appellate court to conclude that the defendant received the charge he wanted.

We conclude that none of the State's cases authorizes a trial judge to amend the jury charge to a defendant's detriment, over his objection, contrary to the plain language of article 36.16.

■ Next, we must decide whether the error was harmful. When the requirements of article 36.16 have been disregarded, the judgment shall not be reversed, unless the error was calculated to injure the defendant's rights or it appears there was not a fair trial. TEX.CODE CRIM.P.ANN. art. 36.19 (Vernon 1981). Using this standard, we conclude the error was harmful.

■ The original jury charge authorized appellant's conviction if he made either an actual transfer or a constructive transfer of cocaine. It said nothing about the law of parties. No evidence showed appellant actually transferred cocaine. In fact, the State proved that appellant did not actually transfer cocaine; another person did. The evidence arguably did not show a constructive transfer, either. The term "constructive transfer" was defined as a transfer of cocaine "either belonging to [appellant] or under his direct or indirect control, by some other person or manner at the instance or direction" of appellant. Evidence showed that appellant had introduced the policeman to the actual transferor in exchange for the policeman's promise to share with appellant the cocaine he purchased. Thus, the State's own evidence arguably showed that appellant made no constructive transfer, but functioned like a broker.

Defense counsel had the right to rely on the original charge, which lacked any instruction on parties, and he did so. He told

the jury it could not convict appellant for the acts of another, but could only convict if it found appellant personally made an actual or constructive transfer. Counsel made a legitimate argument that was based entirely on the trial judge's written instructions, and it is one the jury may have found persuasive if it followed those instructions, as it was bound by oath to do. Based on the jury charge as it stood when defense counsel argued, the evidence was not overwhelming.

Nor did the trial judge's offer of five more minutes of argument cure this error. The same jury that may have found counsel's first argument persuasive would have doubtless found counsel's second argument absurd. The amendment effectively instructed the jury to disregard counsel's argument that no evidence showed appellant personally delivered cocaine. It was like denying counsel the right to make a closing argument. That denial would certainly be reversible error. *Ruedas v. State*, 586 S.W.2d 520, 523–24 (Tex.Crim. App.1979). What happened here was worse. Instead of hearing no argument from defense counsel, jurors heard an argument, and then the judge told them the argument was wrong. When the judge gave the parties instruction, it must have seemed to the jury as if he was answering defense counsel's oral argument with a written rebuttal. From then on, it was as if counsel's opponent was not the prosecutor, but the judge. That denied appellant a fair trial.

Point of error one is sustained.

In points two and three, appellant contends the evidence was insufficient to show he made an actual or constructive delivery "as defined in the court's original charge." Appellant does not contend the evidence was insufficient under the amended charge that contained the law of parties.

We overrule these points of error because we decline to review the sufficiency of the evidence under the terms of the original charge. Sufficiency of the evidence is measured by the charge actually given, not by the charge that should have been given. *Arceneaux v. State*, 803 S.W.2d 267, 270–71 (Tex.Crim.App.1990); *Boozer v. State*, 717 S.W.2d 608, 610 (Tex. Crim.App.1984); *Benson v. State*, 661 S.W.2d 708, 714–15 (Tex.Crim.App.1982) (op. on reh'g), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984). The charge given to the jury authorized appellant's conviction under the law of the parties; under that standard, the evidence was sufficient.

Points of error two and three are overruled.

The judgment is reversed, and the cause is remanded.