TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00440-CR







Maurice Everton Jones Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8550, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING








 Appellant Maurice Everton Jones Jr. appeals from his conviction for the offense
of assault upon a public servant. See Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (West 1994 &
Supp. 1998). The trial court assessed appellant's punishment, enhanced by a prior felony
conviction, at imprisonment for twelve years. Appellant presents ten points of error asserting that
the evidence is factually insufficient to support the jury's verdict, and that the trial court erred in
disallowing voir dire of a witness, in admitting inadmissible evidence, and in charging the jury.

 In his eighth point of error, appellant insists that the evidence is factually
insufficient to support the jury's verdict. Appellant does not challenge the legal sufficiency of the
evidence. In reviewing factual sufficiency of the evidence, we view all of the evidence without
the prism of "in the light most favorable to the prosecution"; we set aside the jury's verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d
375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). "In performing a factual
sufficiency review, we are required to give deference to the jury's verdict, examine all of the
evidence impartially, and set aside the jury verdict 'only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.'" Cain v. State, 958 S.W.2d 404, 410
(Tex. Crim. App. 1997) (quoting Clewis, 922 S.W.2d at 129).

 The indictment in pertinent part alleged that appellant "did then and there
intentionally, knowingly and reckless[ly] cause bodily injury to Paul Hernandez, a person the
defendant knew was a public servant, to-wit: Police Officer, by hitting officer with a board, and
said offense was committed by the defendant while the said Paul Hernandez was lawfully
discharging an official duty."

 We will summarize the evidence. At about 4:00 a.m., Jennifer Blake was tending
to the needs of her small child when she heard her car's horn "beep twice." When she looked
outside, she saw a flicker of light and someone in her car. She awakened her husband Russell. 
He awakened Allan Greene, his brother-in-law. Greene called the City of Elgin police. Russell
Blake and Greene ran out of the house and started to chase the man who fled from the car. Blake
and Greene were overtaken by two uniformed police officers who continued to chase after the man
who was identified at trial as the appellant. The police officers, Paul Hernandez and Adam
Adams, chased appellant about three hundred yards over fences and through residential yards. 
As the officers closed in on appellant, he pulled a board from a fence and swung the board with
great force at Officer Hernandez. The board struck Hernandez's arm when he tried to deflect the
blow. During the struggle that followed, Officer Adams sprayed appellant with pepper spray. 
Appellant grabbed Hernandez's sprayer and directed pepper spray at both officers. In the
continuing struggle appellant attempted to take Adams's pistol from its holster. With great
difficulty, the officers subdued and handcuffed appellant.

 Appellant argues that the indictment required the State to prove and the jury to find
that appellant "intentionally, knowingly, and recklessly caused bodily injury to Officer
Hernandez." Furthermore, appellant says that because the State alleged all three culpable mental
states, appellant "cannot be held to any culpable mental state less than the greatest of those
charged--intentional." Appellant asserts that the "State must prove the elements of the charge as
stated, otherwise the evidence is factually insufficient to sustain a conviction for the charge." 
Appellant concedes that Hernandez's "testimony might describe his injury from either the knowing
actions or the reckless actions of the Defendant but not from an intentional act by Jones."

 The alternative theories of culpability for the commission of the offense of assault
are "intentionally, knowingly or recklessly." Tex. Penal Code Ann. § 22.01(a)(1) (West 1994). 
If any one of the three culpable mental states is proved, it is sufficient to prove that element of the
offense. As a general rule it is not objectionable for the State to plead alternative theories of
culpability conjunctively, while authorizing conviction if any one or more of such theories is
sufficiently proved at trial. See Rogers v. State, 774 S.W.2d 247, 251 (Tex. Crim. App. 1989).
Appellant concedes the evidence is sufficient to prove appellant acted knowingly and recklessly. 
We hold the evidence is factually sufficient to sustain the jury's verdict. Appellant's eighth point
of error is overruled.

 In his first point of error, appellant complains that the trial court erred in denying
counsel's request to voir dire the witness Jennifer Blake out of the jury's presence to determine
the relevance of her testimony before she testified in the presence of the jury. It is unnecessary
to allow a hearing outside the presence of the jury to determine the admissibility of the witness'
testimony in the absence of any reasonable ground for believing the testimony is inadmissible. 
See Shugars v. State, 814 S.W.2d 897, 897-98 (Tex. App.--Austin 1991, no pet.). At trial,
appellant did not give any reason for believing that Blake's testimony would be inadmissible. 
Some of Blake's testimony was relevant, but some may not have been. However, appellant did
not make any further objections during Blake's testimony except to an exhibit which was offered. 
Defense counsel did not cross-examine Blake. The trial court's ruling not to allow Blake to be
examined out of the presence of the jury was not shown to be erroneous. Appellant's first point
of error is overruled.

 In his second, third, fourth, fifth, and seventh points of error, appellant complains
that the trial court erred in admitting in evidence several of the State's exhibits. The State asserts
that appellant's objections to the admission of the exhibits were too general to preserve error for
appellate review. Moreover, the State urges the relevancy of the exhibits which include a number
of photographs, a church bulletin, a knife, screwdriver, spark plug, hat, lighter, a piece of
porcelain, a metal pipe, a board, pepper spray, and a jacket. Error may not be predicated upon
a ruling which admits evidence unless a substantial right of the party is affected and a timely
objection or motion to strike appears of record stating the specific ground of objection, if the
specific ground was not apparent from the context. See Tex. R. Evid. 103. As a prerequisite to
presenting a complaint for appellate review, the record must show that the complaint was made
to the trial court by a timely request, objection, or motion stating grounds for the ruling sought
with sufficient specificity to make the trial court aware of the complaint. See Tex. R. App. P.
33.1.

 To preserve an error in the admission of evidence, timely objection must be made
at the trial stating the specific ground for the objection, if the specific ground is not apparent from
the context. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); Jones v.
State, 843 S.W.2d 92, 98 (Tex. App.--Dallas 1992, pet. ref'd); Andrews v. State, 794 S.W.2d
46, 49 (Tex. App.--Texarkana 1990, pet. ref'd).

 "The naming of a series of evidentiary rules without explanation of how the rules
are applicable is not sufficient to preserve error, even if one of the rules might apply, because it
fails to state the specific grounds for the objection." Sandow v. State, 787 S.W.2d 588, 596 (Tex.
App.--Austin 1990, pet. ref'd). "The admission of evidence over such a general objection is not
error." Id. Where the correct ground of exclusion was obvious to the judge and opposing
counsel, no waiver results from a general or imprecise objection. See Zillender v. State, 557
S.W.2d 515, 517 (Tex. Crim. App. 1977). 

 The record shows appellant's trial objections to the admission of the exhibits about
which he now complains on appeal were as follow:


[Prosecutor]: The State would move to admit State's Exhibit Number 12.


 (State's Exhibit No. 12 was offered into evidence.)


[Defense Counsel]: Objection, Rule 402 and 403.


THE COURT: The objections are overruled, number 12 is admitted. Go ahead.


 (State's Exhibit No. 12 was admitted into evidence.)


* * * * *



[Prosecutor]: At this time, Your Honor, the State would move to admit State's
Exhibits 26, 24, 28, 30, 29, 25, and 27.


 (State's Exhibit Nos. 24, 25, 26, 27, 28, 29 & 30 

 were offered into evidence.)


[Defense Counsel]: Your Honor, I need to object, that it's irrelevant, that it's
prejudicial and confuses the issues under Rule 402 and 403 of the Rules of
Evidence.


THE COURT: Okay. They are overruled. They're all admitted. Go ahead.


 (State's Exhibits Nos. 26, 24, 28, 30, 29, 25 and 

 27 were admitted into evidence.)


* * * * *



[Prosecutor]: Your Honor, at this point the State would offer to admit Exhibits 1
though 11 inclusive.


 (State's Exhibits No. 1 through 11 were offered into evidence.)


THE COURT: Any objections?


[Defense Counsel]:  Yes, relevancy?


THE COURT:  The objections are overruled, 1 through 11 are admitted.


 (State's Exhibits No. 1 through 11 were admitted into evidence.)


* * * * *



[Prosecutor]:  At this point, Judge, we would offer to admit State's Exhibit No. 23.


 (State's Exhibit No. 23 was offered into evidence.)


THE COURT:  Any objections?


[Defense Counsel]:  No objection.


THE COURT:  Twenty-three is admitted. No objections?


[Defense Counsel]:  No, I'm objecting, Your Honor. I don't understand why it's
relevant or appropriate to the issue.


THE COURT:  I'll overrule the objection; 23 is admitted. Go ahead.


 (State's Exhibit No. 23 was admitted into evidence.)


* * * * *



[Prosecutor]:  At this time, the State would offer State's Exhibit Number 31.


 (Exhibit No. 31 was offered into evidence.)


[Defense Counsel]:  Objection, Your Honor. It's irrelevant, inflammatory and
confusing.


THE COURT:  The objection's overruled. Number 31 is admitted.


 (State's Exhibit No. 31 was admitted into evidence.)



 Appellant's objections were general in nature and did not state grounds with the
required specificity to make the trial court aware of his complaints. Specific grounds were not
apparent from the context. Moreover, before error may be predicated upon a ruling admitting
evidence, a party must show a substantial right was affected. See id. Rule 103. With the possible
exception of Exhibit Number 23, a church bulletin, the exhibits arguably have probative value to
show why appellant was fleeing from the car which had been broken into and damaged giving the
officers the right to pursue and arrest appellant. We hold that the trial objections were insufficient
to preserve the claimed errors for review. Appellant's points of error two, three, four, five, and
seven are overruled.

 In his sixth point of error, appellant complains that the trial court erred in admitting
a tape recording over his objection that the tape had not been properly authenticated. The State
offered evidence to authenticate the tape recording and offered it in evidence. Defense counsel
asked to "voir dire this witness." The trial court granted counsel's request.


VOIR DIRE EXAMINATION



QUESTIONS BY [DEFENSE COUNSEL]:


Q: Officer, have you had custody of this tape from the time it was made until
today's date?


A: No, sir.


Q: When did you relinquish control and custody of this tape?


A: Myself?


Q: Yes, sir.


A: I have never had custody of the tape.


Q: Okay. You've never had custody. Who has had custody?


A: The Lieutenant.


[Defense Counsel]:  Your Honor, I would say that this evidence isn't properly
authenticated.



 It is apparent that appellant's specific trial objection concerned the chain of custody
of the tape. When asked by the trial court to respond, the State argued that it had authenticated
the tape recording and that it was unnecessary to show a chain of custody. The trial court
overruled appellant's objection and admitted the tape recording. The State's argument at trial, that
it need not show a chain of custody of the tape before it was admitted, was correct. See Holland
v. State, 622 S.W.2d 904, 906 (Tex. App.--Fort Worth 1981, no pet.). Appellant's sixth point
of error is overruled.

 In his ninth point of error, appellant urges that the trial court erred in refusing to
charge the jury on the lesser included offense of resisting arrest.


An offense is a lesser included offense if:


(1) It is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;


(2) it differs from the offense charged only in the respect that a less serious injury
or risk of injury to the same person, property, or public interest suffices to
establish its commission;


(3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or


(4) it consists of an attempt to commit the offense charged or an otherwise
included offense.



Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981).

 The elements of assault on a public servant as charged in the indictment are:


(1) a person

(2) intentionally, knowingly, or recklessly

(3) causes bodily injury to another



and the punishment is enhanced to a third degree felony if:



(4) the offense is committed against a person the defendant knows is a public
servant

(5) while the public servant is lawfully discharging an official duty.



See Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (West 1994 & Supp. 1998).

 The elements of resisting arrest are:


(1) a person

(2) intentionally

(3) prevents or obstructs a person he knows is a peace officer from effecting an
arrest

(4) by using force against the peace officer.



See Tex. Penal Code Ann. § 38.03 (West 1994).

 The test to determine whether a charge on a lesser included offense is necessary has
been stated to be: "first, the lesser included offense must be included within the proof necessary
to establish the offense charged, and second, some evidence must exist in the record that would
permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser
offense." Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). " In applying the
two-pronged test the trial court should make a determination as to whether the evidence of the
lesser offense would be sufficient for a jury rationally to find that the defendant is guilty only of
that offense, and not the greater offense." Id.

 In determining whether the trial court erred in failing to charge the jury on the
lesser included offense, all of the evidence presented by the State and the defendant must be
considered. Penry v. State, 903 S.W.2d 715, 755 (Tex. Crim. App. 1995); Havard v. State, 800
S.W.2d 195, 216 (Tex. Crim. App. 1989). "It is not enough, . . . that the jury may disbelieve
crucial evidence pertaining to the greater offense." Bignall v. State, 887 S.W.2d 21, 24 (Tex.
Crim. App. 1994). Instead, "there must be some evidence directly germane to a lesser . . .
offense for the fact finder to consider before an instruction . . . is warranted." Id. Merely
because a lesser offense is included within the proof of the greater offense, however, does not
necessarily warrant a jury charge on the lesser offense. See Jones v. State, 833 S.W.2d 118, 127
(Tex. Crim. App. 1992); Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

 Although the State "does not dispute that resisting arrest is a lesser included offense
of assault on a public servant," we have found no cases so holding. However, it has been held
that resisting arrest is a lesser included offense of aggravated assault on a police officer. See
Sutton v. State, 548 S.W.2d 697, 699 (Tex. Crim. App. 1977); Preston v. State, 700 S.W.2d 227,
230 n.1 (Tex. Crim. App. 1985). See also Jacob v. State, 892 S.W.2d 905 (Tex. Crim. App.
1995); Bartholomew v. State, 871 S.W.2d 210 (Tex. Crim. App. 1994).

 However, even assuming that resisting arrest is a lesser included offense of assault
upon a public servant, we must determine whether the evidence would allow a jury to rationally
find that if appellant is guilty, he is guilty only of the lesser offense and not guilty of the greater
offense. Appellant offered no evidence in his defense, and in our previous discussion of
appellant's eighth point of error we summarized all of the evidence. That evidence would have
allowed the jury to rationally find appellant was guilty of the lesser included offense of resisting
arrest. However, that evidence would not allow the jury to rationally find that appellant was guilty
only of the lesser included offense and not guilty of the charged offense of assault upon a public
servant. We hold that the evidence is both legally and factually sufficient to allow the jury to
rationally find appellant guilty of the greater offense of assault upon a public servant. Therefore,
the trial court did not err in refusing to charge the jury on the lesser included offense. Point of
error nine is overruled.

 In his tenth point of error, appellant contends that the trial court erred in amending
the jury charge over objection after the jury had started to deliberate. During its deliberation, the
jury sent a note to the trial court asking for clarification of the charge. The jury's note pointed
out that the application paragraph of the charge stated the necessary culpable mental state was
intentionally, knowingly, and recklessly, while the definition paragraph of the charge stated the
required culpable mental state was intentionally, knowingly, or recklessly. After the jury called
the trial court's attention to this discrepancy, the trial court corrected the application paragraph
to read "intentionally, knowingly, or recklessly." The trial court's correction of the charge was
consistent with the proper practice of alleging alternative culpable mental states in the conjunctive
and charging the jury in the disjunctive. See Rogers, 774 S.W.2d at 251; Robinson v. State, 596
S.W.2d 130, 133 (Tex. Crim. App. 1980); Cowan v. State, 562 S.W.2d 236, 240 (Tex. Crim.
App. 1978). The trial court may, before the jury's verdict is received, correct the jury charge if
the court is convinced that the charge given was erroneous. See Bustillos v. State, 464 S.W.2d
118, 125 (Tex. Crim. App. 1971) (construing Code Criminal Procedure Article 36.16); Chambers
v. State, 379 S.W.2d 907, 908 (Tex. Crim. App. 1964); Nowlin v. State, 175 S.W. 1070, 1072
(Tex. Crim. App. 1915); Gains v. State, 710 S.W.2d 632-33 (Tex. App.--Dallas 1986, pet.
ref'd). Appellant's tenth point of error is overruled.

 The trial court's judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: September 11, 1998

Do Not Publish












* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



t resisting arrest is a lesser included offense
of assault on a public servant," we have found no cases so holding. However, it has been held
that resisting arrest is a lesser included offense of aggravated assault on a police officer. See
Sutton v. State, 548 S.W.2d 697, 699 (Tex. Crim. App. 1977); Preston v. State, 700 S.W.2d 227,
230 n.1 (Tex. Crim. App. 1985). See also Jacob v. State, 892 S.W.2d 905 (Tex. Crim. App.
1995); Bartholomew v. State, 871 S.W.2d 210 (Tex. Crim. App. 1994).

 However, even assuming that resisting arrest is a lesser included offense of assault
upon a public servant, we must determine whether the evidence would allow a jury to rationally
find that if appellant is guilty, he is guilty only of the lesser offense and not guilty of the greater
offense. Appellant offered no evidence in his defense, and in our previous discussion of
appellant's eighth point of error we summarized all of the evidence. That evidence would have
allowed the jury to rationally find appellant was guilty of the lesser included offense of resisting
arrest. However, that evidence would not allow the jury to rationally find that appellant was guilty
only of the lesser included offense and not guilty of the charged offense of assault upon a public
servant. We hold that the evidence is both legally and factually sufficient to allow the jury to
rationally find appellant guilty of the greater offense of assault upon a public servant. Therefore,
the trial court did not err in refusing to charge the jury on the lesser included offense. Point of
error nine is overruled.

 In his tenth point of error, appellant contends that the trial court erred in amending
the jury charge over objection after the jury had started to deliberate. During its deliberation, the
jury sent a note to the trial court asking for clarification of the charge. The jury's note pointed
out that the application paragraph of the charge stated the necessary culpable mental state was
intentionally, knowingly, and recklessly, while the definition paragraph of the charge stated the
required culpable mental state was intentionally, knowingly, or recklessly. After the jury called
the trial court's attention to this discrepancy, the trial court corrected the application paragraph
to read "intentionally, knowingly, or recklessly." The trial court's correction of the charge was
consistent with the proper practice of alleging alternative culpable mental states in the conjunctive
and charging the jury in the disjunctive. See Rogers, 774 S.W.2d at 251; Robinson v. State, 596
S.W.2d 130, 133 (Tex. Crim. App. 1980); Cowan v. State, 562 S.W.2d 236, 240 (Tex. Crim.
App. 1978). The trial court may, before the jury's verdict is received, correct the jury charge if
the court is convinced that the charge given was erroneous. See Bustillos v. State, 464 S.W.2d
118, 125 (Tex. Crim. App. 1971) (construing Code Criminal Procedure Article 36.16); Chambers
v. State, 379 S.W.2d 907, 908 (Tex. Crim. App. 1964); Nowlin v. State, 175 S.W. 1070, 1072
(Tex. Crim. App. 1915); Gains v. State, 710 S.W.2d 632-33 (Tex. App.--Dallas 1986, pet.
ref'd). Appellant's tenth point of error is overruled.

 The trial court's judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: September 11, 1998

Do Not Publish












*