11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jesse Gene Seals

Appellant

Vs.                   No.
11-02-00087-CR -- Appeal from Taylor
County

State of Texas

Appellee

 

The jury
convicted Jesse Gene Seals of aggravated assault.  The jury also found that appellant used a deadly weapon during
the commission of the offense.  After
appellant=s plea of Atrue@ to the allegation of one prior final felony
conviction, the trial court assessed his punishment at confinement for 12
years.  We affirm.

                                                                Background
Facts

Appellant
and Adrian Henry had been having sexual relations with the same woman, and she
was pregnant.  None of them knew at the
time of the aggravated assault whether appellant or Henry was the father.  

The
indictment charged that on January 1, 2001, appellant intentionally caused
serious bodily injury to Henry Aby stabbing him in the abdomen and neck with a knife.@ (Emphasis added) Appellant stabbed Henry in
the neck, but he did not stab him in the abdomen.[1]  The law is clear that the State can allege Adiffering methods of committing the offense
in the conjunctive@ and
then submit the charge to the jury Ain the disjunctive for the jury to return a general verdict@ if the evidence is sufficient to support a
finding of guilt under either of the theories submitted to the jury.  Kitchens v. State, 823 S.W.2d 256, 258
(Tex.Cr.App.1991), cert. den=d, 504 U.S. 958 (1992); see also Rosales v. State, 4 S.W.3d 228, 231
(Tex.Cr.App.1999), cert. den=d, 531 U.S. 1016 (2000).








                                                                  Issue
Presented

Appellant
argues that the trial court erred by Aamending the jury charge after [both counsel] had argued to the jury.@ 
Appellant cites TEX. CODE CRIM. PRO. ANN. art. 36.16  (Vernon 1981), which provides in relevant
part that:

After the argument begins no further charge
shall be given to the jury unless required by the improper argument of counsel
or the request of the jury, or unless the judge shall, in his discretion,
permit the introduction of other testimony. 


 

                                                       The
Original Charge to the Jury

Paragraph
No. 5 of the charge instructed the jury that, if the jurors found from the
evidence beyond a reasonable doubt that appellant intentionally caused serious
bodily injury to Henry Aby stabbing him in the abdomen and neck with a knife,@ they should find him Aguilty of aggravated assault.@ 
(Emphasis added) 

                                                      Additional
Instruction to the Jury

While the
jury was deliberating, the presiding juror sent a note to the trial court which
reads in full as shown:

We have a
question with the specific wording of the charges page 2 paragraph 5   A...in the abdomen and neck...@

 

How does
the wording of the charges bind us to how we deliberate?  (Emphasis in original)

 

After
overruling appellant=s
objection, the trial court sent an additional instruction to the jury which reads
in relevant part as shown:

You are
instructed that the Court erroneously charged the jury Aabdomen and neck@ in paragraphs 4, 5 and 8 of the charge.

 

The charge
should read Aabdomen or neck@ in paragraphs 4, 5 and 8.

 

                                                   Objections
to Additional Instruction








Before
submitting the supplemental charge, the trial court had a discussion in open
court with the prosecutor and defense counsel. 
The record shows that the trial court had instructed the jury to stop
its deliberations, that appellant objected, and that the objection was
overruled.  The record then shows in
relevant part:

THE COURT:
[W]e have had a discussion about whether or not the Court had erroneously
charged the jury conjunctively when the Court should have charged the jury
disjunctively....Of course, we know and the record will show that [defense
counsel] argued...to the jury that they were bound by this and made the
conjunctive and disjunctive argument to the jury....And I believe that I have
erroneously charged the jury, that the State was required to prove abdomen and
neck and I overlooked that portion of the charge and I know the State didn=t object to it or raise that to me and
neither did [defense counsel], which of course was not his obligation to do
so.  And what I propose to do, I have
drawn up a supplemental charge to the jury. 
This is what I propose to instruct the jury. [The Court then read the
supplemental charge which was given to the jury.]  Any objections from the State on this?

 

[PROSECUTOR]:
No, Your Honor.

 

THE COURT:
Any objections from [appellant]?

 

[DEFENSE
COUNSEL]: Yes, Your Honor, we do object. 
We believe that the Court=s charge is a comment on the weight of the evidence, that it is telling
the jury to disregard basically what the attorney=s argument was in closing arguments. 
That is our first objection.

 

THE COURT:
Objection is overruled.

 

[DEFENSE
COUNSEL]: Our second argument is that we believe that the Court=s charge deprives [appellant] of effective
assistance of counsel.  Once again it is
undercutting [my closing argument].

 

THE COURT:
Well, I am going to give the lawyers the opportunity to make any additional
argument that they deem to be reasonable in light of the additional
instruction. [Neither lawyer made any further argument to the jury.] 

 

[DEFENSE
COUNSEL]: Absent an objection to the [original] charge from the State, the
State accepts any greater burden of proof based (sic) upon it by the charge to
the jury.

 

THE COURT:
Well, I will overrule the objections.

 

 

 








                                                             Controlling
Authorities

Appellant
cites Moore v. State, 848 S.W.2d 920, 921 (Tex.App. - Houston [1st Dist.] 1993,
pet=n ref=d), where the court reversed and remanded a case in which the trial
court had given a supplemental charge to the jury after the closing arguments
had been completed.  The court noted
that there was Ano request of the jury@ in that case.  In this case, the jury had sent a note to the trial court during
its deliberations requesting further instruction.  Appellant also cites Murray v. State, 857 S.W.2d 806 (Tex.App. -
Fort Worth 1993, pet=n ref=d), where the court reversed and remanded a
case in which the trial court had given a supplemental charge to the jury
without a request from the jury.  Both
of those cases were noted in Smith v. State, 898 S.W.2d 838, 854 (Tex.Cr.App.),
cert. den=d, 516 U.S. 843 (1995), where the Court of
Criminal Appeals held that Article 36.16 has been interpreted Ato permit a trial court to withdraw and
correct its charge if convinced an erroneous charge has been given.@ 

In Dusek
v. State, 978 S.W.2d 129, 136 (Tex.App. - Austin 1998, pet=n ref=d),  the court said:

Finally,
appellant contends the district court erred by changing its jury charge at the
guilt phase of trial after deliberations had begun and over objection....This
error came to the court=s attention when the jury, apparently confused, wrote a note asking
if both definitions had to be satisfied. 
In response, the court submitted a supplemental charge instructing the
jury to disregard [the erroneous instruction].

 

[After
quoting Article 36.16, the court said:] Despite this language, the Court of
Criminal Appeals has consistently held that a trial court may withdraw and
correct its charge if convinced an erroneous charge has been given.  The district court did not err by overruling
appellant=s objection and correcting the erroneous
instruction.  (Emphasis added)(Citations
omitted)

 

We hold
that the trial court did not err when it corrected an erroneous charge during
the jury=s deliberations.  Smith v. State, supra; Dusek v. State, supra.  We note that the supplemental instruction
was given in response to a request from the jury.  There was no request from the jury in the two cases cited by
appellant. See Murray v. State, supra; Moore v. State, supra.  The issue presented for appellate review is
overruled.

 

 








                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

November 14, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[2]











[1]A drain was placed in the abdomen during medical
treatment in the emergency room.   





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.