NUMBER 13-03-245-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

SHAUN TREMAIN MATTHEWS,                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 405th District Court
of Galveston County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Shaun Tremain Matthews, was tried before a jury and convicted of
aggravated assault with a deadly weapon. See Tex. Pen. Code Ann. § 22.02 (Vernon
Supp. 2004). The indictment included an enhancement paragraph alleging a prior
felony conviction. The jury imposed a sentence of life imprisonment. The trial court
has certified that this case “is not a plea-bargain case, and the Defendant has the right
of appeal.” See Tex. R. App. P. 25.2(a)(2). By one issue, appellant contends that the
trial court erred in amending the jury charge during jury deliberations. We affirm. 
I. FACTS
As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. STANDARD OF REVIEW
In cases where the appellant alleges error in relation to the trial court’s charge,
the standard of review is determined by article 36.19 of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981).


 When a
defendant properly objects to the charge, as in this case, the standard is whether “the
error appearing from the record was calculated to injure the rights of the defendant”
or whether there was some harm. Trevino v. State, 100 S.W.3d 232, 242 (Tex. Crim.
App. 2003) (per curiam) (citing Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981);
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). 
Appellant contends that the trial court’s amendment of the jury charge during
jury deliberations constitutes reversible error. We first decide whether the trial judge
was authorized to amend the jury charge during jury deliberations in light of the
language contained in article 36.16. See Tex. Code Crim. Proc. Ann. art. 36.16
(Vernon 1981); Moore v. State, 848 S.W.2d 920, 922 (Tex. App.–Houston [1st Dist.]
1993, pet. ref’d). If the amendment is found to be in error, we must then “decide
whether the error was harmful.” Moore, 848 S.W.2d at 922. 
III. AMENDMENT OF JURY CHARGE
         The final jury charge is governed by article 36.16 of the code of criminal
procedure which provides, in pertinent part: “After the argument begins no further
charge shall be given to the jury unless required by the improper argument of counsel
or the request of the jury, or unless the judge shall, in his discretion, permit the
introduction of other testimony . . . .” Tex. Code Crim. Proc. Ann. art. 36.16 (Vernon
1981). In this case, the trial court amended the charge after the jury began
deliberations without the occurrence of any of the events set out in article 36.16.


 
         The Texas Court of Criminal Appeals has held on several occasions that the trial
court has the right to withdraw and correct a charge before verdict once it finds that
the charge given to the jury is erroneous. In Chambers v. State, the court of criminal
appeals stated that “a court’s amending [its] charge in order to correctly state the law”
does not constitute reversible error. Chambers v. State, 379 S.W.2d 907, 908 (Tex.
Crim. App. 1964) (citing Nowlin v. State, 76 Tex. Crim. 480 (Tex. Crim. App. 1915);
Holt v. State, 49 Tex. Crim. 282 (Tex. Crim. App. 1898)). In Bustillos v. State, the
court clarified the rule set forth in Chambers by stating that “the court may before
verdict withdraw and correct its charge if convinced an erroneous charge has been
given.” Bustillos v. State, 464 S.W.2d 118, 125 (Tex. Crim. App. 1971). The court
affirmed this position in Smith v. State by allowing an erroneous jury charge to be
amended even after deliberations had begun. Smith v. State, 898 S.W.2d 838, 854-55 (Tex. Crim. App. 1995). Guided by Bustillos, we found in Morlett v. State that a
“court could, before verdict, withdraw and correct its charge if convinced that a[n]
erroneous charge had been given.” Morlett v. State, 656 S.W.2d 603, 606 (Tex.
App.–Corpus Christi 1983, no pet.). Bustillos was also followed by the Dallas Court
of Appeals which found “[t]he court may, after arguments have begun but before the
verdict, withdraw and correct its charge if the court is convinced that an erroneous
charge has been given.” Gaines v. State, 710 S.W.2d 630, 633 (Tex. App.–Dallas
1986, no pet.). 
         Appellant attempts to distinguish Bustillos and Gaines by pointing out that the
amendment to the charge in each case was made before deliberations had begun. 
However, contrary to appellant’s contention, both Bustillos and Gaines make clear that
a charge may be amended at any time prior to the verdict. Bustillos, 464 S.W.2d at
125; Gaines, 710 S.W.2d at 633. Neither Bustillos nor Gaines require that the
amendment be made before the commencement of jury deliberations. Bustillos, 464
S.W.2d at 125; Gaines, 710 S.W.2d at 633. Appellant also attempts to distinguish
Smith, where the amendment was made after deliberations had begun, based on the
fact that the appellant in Smith did not object to the change in the jury charge. Smith,
898 S.W.2d at 854. However, this was not a fact that the court of criminal appeals
relied on in reaching its conclusion.
         In support of its argument that the trial court erred in amending the jury charge,
appellant cites to Murray v. State, 857 S.W.2d 806, 807-08 (Tex. App.–Fort Worth
1993, pet. ref’d). In Murray, the appellant’s conviction was reversed based on the
trial court’s amendment of the jury charge after deliberations had begun. Id. The
court’s primary reason for reversing the case was that “changing the charge after jury
argument was tantamount to denying him jury argument . . . .” Id. at 808. The
amendment made to the jury charge in Murray directly undercut the theory of the
appellant’s closing argument, essentially denying him a “fair trial.” Id. at 808-09. 
         We find, however, that the facts of Murray are distinguishable. Unlike Murray,
the amendment of the jury charge in this case in no way served to refute the closing
arguments made by counsel for appellant. The trial court’s correction of an erroneous
charge in order to comply with the requirements that have been set forth by the Texas
Legislature cannot be deemed to have denied the appellant a fair trial. The amendment
did not serve to negate the theory of appellant’s closing arguments, and hence this
case is distinguishable from Murray.
         Furthermore, the Texas Court of Criminal Appeals addressed Murray in deciding 
Smith. Smith, 898 S.W.2d at 855. It found that “[a]rticle 36.16 of the Texas Code
of Criminal Procedure has been interpreted to permit a trial court to withdraw and
correct its charge if convinced an erroneous charge has been given” and that “this has
remained the law in Texas” even in light of the Murray decision. Id. at 855-56. 
         We find, therefore, that the trial judge was authorized to amend the erroneous
jury charge during jury deliberations. Thus, the trial court did not err. Appellant’s sole
issue is overruled. 
IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed. 

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 1st day of July, 2004.