**Jesse Gene SEALS, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 11–02–00087–CR.**

Court of Appeals of Texas,
Eastland.

Nov. 14, 2002.

Jeff E. Johnson, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Kollin Shadle, Appellate Section, Crim. Dist. Atty's Office, Abilene, for appellee.

Panel consists of: WRIGHT, J., and McCALL, J., and DICKENSON, S.J.*

Opinion

BOB DICKENSON, Senior Justice (Retired).

The jury convicted Jesse Gene Seals of aggravated assault. The jury also found that appellant used a deadly weapon during the commission of the offense. After appellant's plea of "true" to the allegation of one prior final felony conviction, the trial court assessed his punishment at confinement for 12 years. We affirm.

*Background Facts*

Appellant and Adrian Henry had been having sexual relations with the same woman, and she was pregnant. None of them knew at the time of the aggravated assault whether appellant or Henry was the father.

The indictment charged that on January 1, 2001, appellant intentionally caused serious bodily injury to Henry "by stabbing him in the *abdomen and neck* with a knife." (Emphasis added) Appellant stabbed Henry in the neck, but he did not stab him in the abdomen.[1] The law is clear that the State can allege "differing methods of committing the offense in the

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. A drain was placed in the abdomen during medical treatment in the emergency room.

conjunctive" and then submit the charge to the jury "in the disjunctive for the jury to return a general verdict" if the evidence is sufficient to support a finding of guilt under either of the theories submitted to the jury. *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Cr.App.1991), *cert. den'd,* 504 U.S. 958, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992); see also *Rosales v. State,* 4 S.W.3d 228, 231 (Tex.Cr.App.1999), *cert. den'd,* 531 U.S. 1016, 121 S.Ct. 576, 148 L.Ed.2d 493 (2000).

### Issue Presented

 Appellant argues that the trial court erred by "amending the jury charge after [both counsel] had argued to the jury." Appellant cites TEX. CODE CRIM. PRO. ANN. art. 36.16 (Vernon 1981), which provides in relevant part that:

> After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony.

### The Original Charge to the Jury

Paragraph No. 5 of the charge instructed the jury that, if the jurors found from the evidence beyond a reasonable doubt that appellant intentionally caused serious bodily injury to Henry "by stabbing him in the *abdomen and neck* with a knife," they should find him "guilty of aggravated assault." (Emphasis added)

### Additional Instruction to the Jury

While the jury was deliberating, the presiding juror sent a note to the trial court which reads in full as shown:

> We have a question with the specific wording of the charges page 2 paragraph 5 "... in the *abdomen* and neck ..."

> How does the wording of the charges bind us to how we deliberate? (Emphasis in original)

After overruling appellant's objection, the trial court sent an additional instruction to the jury which reads in relevant part as shown:

> You are instructed that the Court erroneously charged the jury "abdomen and neck" in paragraphs 4, 5 and 8 of the charge.

> The charge should read "abdomen or neck" in paragraphs 4, 5 and 8.

### Objections to Additional Instruction

Before submitting the supplemental charge, the trial court had a discussion in open court with the prosecutor and defense counsel. The record shows that the trial court had instructed the jury to stop its deliberations, that appellant objected, and that the objection was overruled. The record then shows in relevant part:

> THE COURT: [W]e have had a discussion about whether or not the Court had erroneously charged the jury conjunctively when the Court should have charged the jury disjunctively....Of course, we know and the record will show that [defense counsel] argued ... to the jury that they were bound by this and made the conjunctive and disjunctive argument to the jury....And I believe that I have erroneously charged the jury, that the State was required to prove abdomen and neck and I overlooked that portion of the charge and I know the State didn't object to it or raise that to me and neither did [defense counsel], which of course was not his obligation to do so. And what I propose to do, I have drawn up a supplemental charge to the jury. This is what I propose to instruct the jury. [The Court then read the supplemental charge

which was given to the jury.] Any objections from the State on this?

[PROSECUTOR]: No, Your Honor.

THE COURT: Any objections from [appellant]?

[DEFENSE COUNSEL]: Yes, Your Honor, we do object. We believe that the Court's charge is a comment on the weight of the evidence, that it is telling the jury to disregard basically what the attorney's argument was in closing arguments. That is our first objection.

THE COURT: Objection is overruled.

[DEFENSE COUNSEL]: Our second argument is that we believe that the Court's charge deprives [appellant] of effective assistance of counsel. Once again it is undercutting [my closing argument].

THE COURT: Well, I am going to give the lawyers the opportunity to make any additional argument that they deem to be reasonable in light of the additional instruction. [Neither lawyer made any further argument to the jury.]

[DEFENSE COUNSEL]: Absent an objection to the [original] charge from the State, the State accepts any greater burden of proof based (sic) upon it by the charge to the jury.

THE COURT: Well, I will overrule the objections.

### Controlling Authorities

Appellant cites *Moore v. State*, 848 S.W.2d 920, 921 (Tex.App.-Houston [1st Dist.] 1993, pet'n ref'd), where the court reversed and remanded a case in which the trial court had given a supplemental charge to the jury after the closing arguments had been completed. The court noted that there was "no request of the jury" in that case. In this case, the jury had sent a note to the trial court during its deliberations requesting further instruc-

tion. Appellant also cites *Murray v. State*, 857 S.W.2d 806 (Tex.App.-Fort Worth 1993, pet'n ref'd), where the court reversed and remanded a case in which the trial court had given a supplemental charge to the jury without a request from the jury. Both of those cases were noted in *Smith v. State*, 898 S.W.2d 838, 854 (Tex.Cr.App.), cert. den'd, 516 U.S. 843, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995), where the Court of Criminal Appeals held that Article 36.16 has been interpreted "to permit a trial court to withdraw and correct its charge if convinced an erroneous charge has been given."

In *Dusek v. State*, 978 S.W.2d 129, 136 (Tex.App.-Austin 1998, pet'n ref'd), the court said:

Finally, appellant contends the district court erred by changing its jury charge at the guilt phase of trial after deliberations had begun and over objection.... This error came to the court's attention *when the jury, apparently confused, wrote a note asking if both definitions had to be satisfied.* In response, the court submitted a supplemental charge instructing the jury to disregard [the erroneous instruction].

[After quoting Article 36.16, the court said:] *Despite this language, the Court of Criminal Appeals has consistently held that a trial court may withdraw and correct its charge if convinced an erroneous charge has been given.* The district court did not err by overruling appellant's objection and correcting the erroneous instruction. (Emphasis added) (Citations omitted)

We hold that the trial court did not err when it corrected an erroneous charge during the jury's deliberations. *Smith v. State*, supra; *Dusek v. State*, supra. We note that the supplemental instruction was given in response to a request from the jury. There was no request from the jury

in the two cases cited by appellant. See *Murray v. State*, supra; *Moore v. State*, supra. The issue presented for appellate review is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.