COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-00-439-CR
 
ROBERT GENE ROBERSON    
                                                                    APPELLANT
V.
THE STATE OF TEXAS                                                                                
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
------------
OPINION
------------
I. INTRODUCTION
Appellant Robert Gene Roberson
appeals his jury conviction for the offense of capital murder. In one issue,
Appellant complains that the trial court erred by giving the jury a supplemental
instruction with regard to the substantive law of burglary under the Texas Penal
Code. We affirm.
II. FACTUAL AND
PROCEDURAL BACKGROUND
Because sufficiency of the evidence
is not at issue, we need only briefly discuss the facts of this case. The State
charged Appellant by indictment for the capital murder of his estranged wife
Lorraine Roberson. At trial, the State offered testimony that because of lengthy
marital difficulties Lorraine moved out of the home she had shared with
Appellant and into her own apartment in 1997. On July 21, 1998, Lorraine went to
her apartment with her brother Jeffery Brisco. Brisco testified that he waited
at the stairwell while Lorraine tried to get inside her apartment. When she
tried to unlock the door, she was unable to get the door open. After checking
with the apartment manager to see whether the locks had been changed, Lorraine
again tried to unlock her door.
On her second attempted entry, the
door opened, and Brisco saw Lorraine pulled into the apartment while screaming
for help. Brisco testified that he saw a shadow through the blinds swinging an
object and making a pounding sound. Brisco ran up the stairs to Lorraine's
apartment, but could not get in because the door was locked, so he called 911 to
report the attack. While Brisco was waiting for the police, Appellant came
around a corner with a baseball bat, threatened and chased Brisco with the bat,
and then drove off in a car.
When the police arrived, they
investigated and found Lorraine's body in her bedroom and a bloody baseball bat
on the grounds of the apartment complex. Deputy Medical Examiner Gary Sisler
opined that Lorraine died from blunt force trauma to her head. The State's
forensic expert Byron Courtney also testified that a blood-spatter analysis
indicated that Lorraine was attacked in the living room and then dragged to the
bedroom, where she was again attacked. At the time of Appellant's arrest, he was
wearing eyeglasses that were missing a lens. The police found fragments of
Appellant's eyeglasses inside Lorraine's apartment, as well as in Appellant's
vehicle. DNA from the blood found on the bat, the lens fragments, and the
eyeglasses matched Lorraine's DNA. After hearing and considering all of the
testimony and evidence presented, the jury found Appellant guilty of the offense
of capital murder as alleged in the indictment and the trial court sentenced him
to life imprisonment.
III. SUPPLEMENTAL
CHARGE
Appellant's sole issue is whether
the trial court violated article 36.16 of the code of criminal procedure by
giving the jury a supplemental instruction concerning the substantive law of
burglary. See Tex. Code Crim. Proc. Ann. art. 36.16 (Vernon 1981). In
response, the State argues that the trial court did not violate the dictates of
article 36.16 when it submitted a supplemental charge to the jury.
At the guilt/innocence phase, the
trial court instructed the jury without objection as follows:

        
 A person commits the offense of Capital Murder if he intentionally commits the
 offense of Murder in the course of committing or attempting to commit
 Burglary.
        
 A person commits the offense of Burglary if, without the effective consent of
 the owner, he enters a habitation with intent to commit a felony or an
 assault.
  

While prosecutor Charles Mallin
gave his jury argument, his co-counsel, Richard Bland, asked to approach the
bench to discuss the definition of burglary in the charge, which the court had
read to the jury. Outside the presence of the jury, Mr. Bland pointed out his
concern that burglary as defined in the charge did not encompass section
30.02(a)(3) of the penal code, under which Mr. Bland asserted the State could
prove that a person developed the intent to commit a felony, theft, or assault
after entering the building or habitation. See Tex. Penal Code Ann. §
30.02(a)(3) (Vernon 2003). The court stated that it did not recognize a
distinction between burglary as defined in the charge and in the language
advanced by Mr. Bland. No further discussions were made concerning the charge,
and jury arguments continued.
During the jury's deliberations,
the presiding juror sent out a note asking for the court to instruct the jury as
to the "complete definition of burglary as presented by [the] prosecution
from [the] penal code." In response to this request, and over the timely
objection of Appellant, the trial court submitted the following supplemental
charge:

        
 In answer to your jury note number two, the Court further instructs you as
 follows:
        
 A person commits the offense of Burglary if, without the effective consent of
 the owner, he enters a habitation with intent to commit a felony or an
 assault, or enters a habitation and commits or attempts to commit a felony or
 an assault.
  

The court stated the following as
its justification for the supplemental instruction:

        
 All right. During the jury argument, Mr. Bland did approach the bench and
 stated to the Court that we should add in additional language to burglary.
        
 Also, I'll note that during voir dire, Mr. Bland did voir dire the jury both
 on [s]ubsection 1 of the burglary [p]enal [c]ode and also [s]ubsection 3, and
 I'll also point out, this is why I believe that the jury actually sent out the
 note. Someone on the jury recalled that there were two different ways that a
 burglary could occur and that is why they asked for the different definition.[(1)]
        
 Now, I don't think this is going to hurt Mr. Roberson. What I think it's going
 to do is just give the jury a broader view of how to consider burglary,
 whether they want to -- because what it is actually saying, it is showing it
 two different ways. Either he enters a habitation with intent to commit a
 felony or assault or enters a habitation and actually commits or attempts to
 commit a felony or assault.
        
 Now, it both sounds like the same thing but we are talking about two different
 areas, and I think for the jury to have a full understanding of what the
 definition of burglary really is, that we should include that since it is, in
 fact, a part of the [p]enal [c]ode.

In essence, the court modified the
charge by adding another definition of burglary under the penal code, so that
the charge included both subsections (a)(1) and (a)(3). See Tex. Penal
Code Ann. § 30.02(a)(1), (3). Neither side requested additional time to argue
the supplemental charge to the jury.
Article 36.16 of the code of
criminal procedure governs supplemental jury charges, and it does not, in all
instances, prevent the trial court from submitting a supplemental charge after
deliberations have begun. See Tex. Code Crim. Proc. Ann. art. 36.16; Smith
v. State, 898 S.W.2d 838, 854-55 (Tex. Crim. App.), cert. denied,
516 U.S. 843 (1995); Garza v. State, 55 S.W.3d 74, 77 (Tex.
App.--Corpus Christi 2001, pet. ref'd) (stating that if prerequisites of article
36.16 are met, a supplemental charge may be given). Article 36.16 permits a
supplemental charge as follows:

 After the argument begins no
 further charge shall be given to the jury unless required by the improper
 argument of counsel or the request of the jury, or unless the judge
 shall, in his discretion, permit the introduction of other testimony, and in
 the event of such further charge, the defendant or his counsel shall have the
 right to present objections in the same manner as is prescribed in Article
 36.15.

Tex. Code Crim. Proc. Ann. art. 36.16
(emphasis added).  Further, "the [c]ourt of [c]riminal [a]ppeals has
consistently held that a trial court may withdraw and correct its charge if
convinced an erroneous charge has been given."  Seals v. State,
90 S.W.3d 422, 424-25 (Tex. App.--Eastland 2002, pet. filed) (quoting Dusek
v. State, 978 S.W.2d 129, 136-37 (Tex. App.--Austin 1998, pet. ref'd)); see
also Smith, 898 S.W.2d at 854-55.
Appellant relies upon Moore v.
State, in which the First District Court of Appeals reversed and remanded a
case involving a supplemental charge given to the jury after closing arguments
had been completed. 848 S.W.2d 920, 921 (Tex. App.--Houston [1st
Dist.] 1993, pet. ref'd). Moore is distinguishable from Appellant's
case, however, because the trial court in Moore violated article 36.16,
in part, by giving a supplemental charge when there had been no request of the
jury. Id.
In the present case, the jury
requested a supplemental charge. After receiving a jury note, the trial court
became convinced that it had given an erroneous charge. As such, we hold that
the trial court did not violate article 36.16 when, during the jury's
deliberations, it submitted the supplemental charge that contained a proper
statement on the law of burglary. See Tex. Code Crim. Proc. Ann. art.
36.16; Tex. Penal Code Ann. § 30.02(a)(1), (3); Seals, 90 S.W.3d at
424-25 (holding it was not error to submit a supplemental charge upon request
from the jury and distinguishing Moore on that ground); Dusek,
978 S.W.2d at 136-37 (holding a supplemental charge correcting erroneous
instruction was not error when it was submitted in response to a jury note
reflecting confusion); see also Wilbon v. State, 961 S.W.2d 9, 11 (Tex.
App.--Amarillo 1996, pet. ref'd) (holding the trial court did not abuse its
discretion by submitting a supplemental charge during deliberations in response
to a jury inquiry about the effect of parole and then in refusing to allow
additional jury argument thereafter). Accordingly, we overrule Appellant's sole
issue.
IV. CONCLUSION
Having overruled Appellant's only
issue, we affirm the trial court's judgment.
 
   
                                                                    ANNE
GARDNER
   
                                                                    JUSTICE
 
PANEL B: DAUPHINOT, HOLMAN, and
GARDNER, JJ.
 
PUBLISH
DELIVERED: April 17, 2003

1.  During voir dire, Mr. Bland discussed the
definition of burglary with the venire members. In response to a venire member's
question concerning what the State would have to prove with respect to burglary,
Mr. Bland explained:

   
      I'm going to have to prove that an individual
 illegally entered a habitation, and when they illegally -- there [are] going
 to be two ways. . . . The first way to show it, they entered -- illegally
 entered a habitation with intent to commit a certain offense, that is one way
 of proving burglary.
   
      The other way of proving burglary is that they
 illegally entered the habitation and they did commit another felony. In other
 words, when they first illegally entered, they don't have to have the intent
 to commit that crime.
   
      If I can show after they got inside they then made
 the decision to commit that act, that other felony, then that also proves it.
 So there [are] two ways of proving burglary. Either you entered with intent to
 commit the offense or -- and both times you are going to have the illegal
 entry, you illegally entered with intent to commit the offense at the time you
 illegally entered, or after you illegally entered, you then formed the intent
 while you were there and committed the offense.