**Robert Gene ROBERSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–439–CR.**

Court of Appeals of Texas,
Fort Worth.

April 17, 2003.

Rehearing Overruled June 19, 2003.

The Kearney Law Firm and Wm. Reagan Wynn, Fort Worth, for Appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Richard Bland, Asst. Criminal Dist. Attorneys, Fort Worth, for State.

Panel B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

**OPINION**

ANNE GARDNER, Justice.

### I. INTRODUCTION

Appellant Robert Gene Roberson appeals his jury conviction for the offense of capital murder. In one issue, Appellant complains that the trial court erred by giving the jury a supplemental instruction with regard to the substantive law of burglary under the Texas Penal Code. We affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Because sufficiency of the evidence is not at issue, we need only briefly discuss the facts of this case. The State charged Appellant by indictment for the capital murder of his estranged wife Lorraine Roberson. At trial, the State offered testimony that because of lengthy marital difficulties Lorraine moved out of the home she had shared with Appellant and into her own apartment in 1997. On July 21, 1998, Lorraine went to her apartment with her brother Jeffery Brisco. Brisco testified that he waited at the stairwell while Lorraine tried to get inside her apartment. When she tried to unlock the door, she was unable to get the door open. After checking with the apartment manager to see whether the locks had been changed, Lorraine again tried to unlock her door.

On her second attempted entry, the door opened, and Brisco saw Lorraine pulled into the apartment while screaming for help. Brisco testified that he saw a shadow through the blinds swinging an object and making a pounding sound. Brisco ran up the stairs to Lorraine's apartment, but could not get in because the door was locked, so he called 911 to report the attack. While Brisco was waiting for the police, Appellant came around a corner with a baseball bat, threatened and chased Brisco with the bat, and then drove off in a car.

When the police arrived, they investigated and found Lorraine's body in her bedroom and a bloody baseball bat on the grounds of the apartment complex. Deputy Medical Examiner Gary Sisler opined that Lorraine died from blunt force trauma to her head. The State's forensic expert Byron Courtney also testified that a blood-spatter analysis indicated that Lorraine was attacked in the living room and then dragged to the bedroom, where she was again attacked. At the time of Appellant's arrest, he was wearing eyeglasses that were missing a lens. The police found fragments of Appellant's eyeglasses inside

Lorraine's apartment, as well as in Appellant's vehicle. DNA from the blood found on the bat, the lens fragments, and the eyeglasses matched Lorraine's DNA. After hearing and considering all of the testimony and evidence presented, the jury found Appellant guilty of the offense of capital murder as alleged in the indictment and the trial court sentenced him to life imprisonment.

## III. SUPPLEMENTAL CHARGE

Appellant's sole issue is whether the trial court violated article 36.16 of the code of criminal procedure by giving the jury a supplemental instruction concerning the substantive law of burglary. *See* TEX.CODE CRIM. PROC. ANN. art. 36.16 (Vernon 1981). In response, the State argues that the trial court did not violate the dictates of article 36.16 when it submitted a supplemental charge to the jury.

At the guilt/innocence phase, the trial court instructed the jury without objection as follows:

A person commits the offense of Capital Murder if he intentionally commits the offense of Murder in the course of committing or attempting to commit Burglary.

A person commits the offense of Burglary if, without the effective consent of the owner, he enters a habitation with intent to commit a felony or an assault.

While prosecutor Charles Mallin gave his jury argument, his co-counsel, Richard Bland, asked to approach the bench to discuss the definition of burglary in the charge, which the court had read to the jury. Outside the presence of the jury, Mr. Bland pointed out his concern that burglary as defined in the charge did not encompass section 30.02(a)(3) of the penal code, under which Mr. Bland asserted the State could prove that a person developed the intent to commit a felony, theft, or assault after entering the building or habitation. *See* TEX. PENAL CODE ANNS. § 30.02(a)(3) (Vernon 2003). The court stated that it did not recognize a distinction between burglary as defined in the charge and in the language advanced by Mr. Bland. No further discussions were made concerning the charge, and jury arguments continued.

During the jury's deliberations, the presiding juror sent out a note asking for the court to instruct the jury as to the "complete definition of burglary as presented by [the] prosecution from [the] penal code." In response to this request, and over the timely objection of Appellant, the trial court submitted the following supplemental charge:

In answer to your jury note number two, the Court further instructs you as follows:

A person commits the offense of Burglary if, without the effective consent of the owner, he enters a habitation with intent to commit a felony or an assault, or enters a habitation and commits or attempts to commit a felony or an assault.

The court stated the following as its justification for the supplemental instruction:

All right. During the jury argument, Mr. Bland did approach the bench and stated to the Court that we should add in additional language to burglary.

Also, I'll note that during voir dire, Mr. Bland did voir dire the jury both on [s]ubsection 1 of the burglary [p]enal [c]ode and also [s]ubsection 3, and I'll also point out, this is why I believe that the jury actually sent out the note. Someone on the jury recalled that there were two different ways that a burglary could occur and that is why they asked

for the different definition.[1]

Now, I don't think this is going to hurt Mr. Roberson. What I think it's going to do is just give the jury a broader view of how to consider burglary, whether they want to—because what it is actually saying, it is showing it two different ways. Either he enters a habitation with intent to commit a felony or assault or enters a habitation and actually commits or attempts to commit a felony or assault.

Now, it both sounds like the same thing but we are talking about two different areas, and I think for the jury to have a full understanding of what the definition of burglary really is, that we should include that since it is, in fact, a part of the [p]enal [c]ode.

In essence, the court modified the charge by adding another definition of burglary under the penal code, so that the charge included both subsections (a)(1) and (a)(3). *See* Tex. Penal Code Ann. § 30.02(a)(1), (3). Neither side requested additional time to argue the supplemental charge to the jury.

Article 36.16 of the code of criminal procedure governs supplemental jury charges, and it does not, in all instances, prevent the trial court from submitting a supplemental charge after deliberations have begun. *See* Tex.Code Crim. Proc.

Ann. art. 36.16; *Smith v. State*, 898 S.W.2d 838, 854–55 (Tex.Crim.App.), *cert. denied*, 516 U.S. 843, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995); *Garza v. State*, 55 S.W.3d 74, 77 (Tex.App.-Corpus Christi 2001, pet. ref'd) (stating that if prerequisites of article 36.16 are met, a supplemental charge may be given). Article 36.16 permits a supplemental charge as follows:

> After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel *or the request of the jury*, or unless the judge shall, in his discretion, permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as is prescribed in Article 36.15.

Tex.Code Crim. Proc. Ann. art. 36.16 (emphasis added). Further, "the [c]ourt of [c]riminal [a]ppeals has consistently held that a trial court may withdraw and correct its charge if convinced an erroneous charge has been given." *Seals v. State*, 90 S.W.3d 422, 424–25 (Tex.App.-Eastland 2002, pet. filed) (quoting *Dusek v. State*, 978 S.W.2d 129, 136–37 (Tex.App.-Austin 1998, pet. ref'd)); *see also Smith*, 898 S.W.2d at 854–55.

---

1. During voir dire, Mr. Bland discussed the definition of burglary with the venire members. In response to a venire member's question concerning what the State would have to prove with respect to burglary, Mr. Bland explained:

> I'm going to have to prove that an individual illegally entered a habitation, and when they illegally—there [are] going to be two ways.... The first way to show it, they entered—illegally entered a habitation with intent to commit a certain offense, that is one way of proving burglary.
>
> The other way of proving burglary is that they illegally entered the habitation and they did commit another felony. In other

words, when they first illegally entered, they don't have to have the intent to commit that crime.

> If I can show after they got inside they then made the decision to commit that act, that other felony, then that also proves it. So there [are] two ways of proving burglary. Either you entered with intent to commit the offense or—and both times you are going to have the illegal entry, you illegally entered with intent to commit the offense at the time you illegally entered, or after you illegally entered, you then formed the intent while you were there and committed the offense.

Appellant relies upon *Moore v. State,* in which the First District Court of Appeals reversed and remanded a case involving a supplemental charge given to the jury after closing arguments had been completed. 848 S.W.2d 920, 921 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd). *Moore* is distinguishable from Appellant's case, however, because the trial court in *Moore* violated article 36.16, in part, by giving a supplemental charge when there had been no request of the jury. *Id.*

In the present case, the jury requested a supplemental charge. After receiving a jury note, the trial court became convinced that it had given an erroneous charge. As such, we hold that the trial court did not violate article 36.16 when, during the jury's deliberations, it submitted the supplemental charge that contained a proper statement on the law of burglary. *See* TEX. CODE CRIM. PROC. ANN. art. 36.16; TEX. PENAL CODE ANN. § 30.02(a)(1), (3); *Seals,* 90 S.W.3d at 424–25 (holding it was not error to submit a supplemental charge upon request from the jury and distinguishing *Moore* on that ground); *Dusek,* 978 S.W.2d at 136–37 (holding a supplemental charge correcting erroneous instruction was not error when it was submitted in response to a jury note reflecting confusion); *see also Wilbon v. State,* 961 S.W.2d 9, 11 (Tex.App.-Amarillo 1996, pet. ref'd) (holding the trial court did not abuse its discretion by submitting a supplemental charge during deliberations in response to a jury inquiry about the effect of parole and then in refusing to allow additional jury argument thereafter). Accordingly, we overrule Appellant's sole issue.

## IV.  CONCLUSION

Having overruled Appellant's only issue, we affirm the trial court's judgment.