05-11-00478-CR
05-11-00479-CR

RECEIVED
Court of Appeals

NOV 2 5 2013

Lisa Matz
Clerk, 5th District



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0001-13 & PD-0202-13

### THE STATE OF TEXAS

### V.

### JAY SANDON COOPER, Appellee

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS, COLLIN COUNTY

*Womack, J., delivered the opinion of the unanimous Court.*

The issue in these cases is whether the appellee was entitled to notice of violations of a municipal code before his subsequent violations of the code could result in convictions. Holding that he was, we affirm the judgments of the courts below.

**I**

The City of Plano adopted the 2003 International Property Maintenance Code (IMPC) as part of its local Property Maintenance Code. The City's Code of Ordinances contains its property code, Division 1 of which read:[1]

> Sec. 6-45. Penalty. Any person, firm or corporation found to be violating any term or provision of this article, shall be subject to a fine in accordance with City Code of Ordinances. ... Each day a violation continues shall constitute a separate offense.
>
> Sec. 6-46. Adoption of International Maintenance Code, as amended. The City of Plano hereby adopts the 2003 Edition of the International Property Maintenance code, a publication of the International Code Council, including all the appendices of such code, and designates such publication as the Property Maintenance Code of the City of Plano, subject to the deletions, additions, and amendments prescribed in this article. A copy of the 2003 edition of the International Property Maintenance Code is on file in the office of the city secretary.
>
> Secs. 6-47–6-49. Reserved.

Division 2 contained, in relevant part, the following:

> Sec. 6-50. Deletions, addition, and amendments to chapter 1 of the International Property Maintenance Code. The City of Plano hereby amends Chapter 1, *Administration,* of the International Property Maintenance Code as follows:
>
> ... *Subsection 106.3, Prosecution of violation,* is changed to read as follows:
>
> Any person failing to comply with a notice of violation or order served in accordance with Section 107 [Notices and Orders] shall be deemed guilty of a misdemeanor, and the violation shall be deemed a strict liability offense. If the notice of violation is not complied with, the code official shall institute the appropriate proceeding at law or in equity to restrain, correct or abate such violation, or to require the removal or termination of the unlawful occupancy of the structure in violation of the provisions of this code or of the order or direction made pursuant thereto ....

---

[1] Unless otherwise indicated, all quotations from the City's code are to the ordinances as they read at the time of the appellee's prosecution.

The appellee was charged by complaint with two violations of section 6-46 and the specific subsections of the IPMC for (1) not maintaining the exterior of a structure in good repair and in a structurally sound manner and (2) not supplying hot and cold running water to plumbing fixtures in a house. He was convicted of both counts after separate bench trials.

The appellee appealed both cases to the county court at law for trial *de novo* and filed motions to dismiss the complaints because the State failed to allege that he was given notice that he was in violation of the code and then continued to violate the code as required under subsection 106.3. The appellee's motions were granted, and the State appealed to the Fifth Court of Appeals, which consolidated the two cases. The lower court affirmed the trial court's orders,[2] holding that individual provisions of the code could not be taken in isolation and that, when taken as a whole, the code clearly required notice.[3] The City filed a petition for discretionary review that was supported by various amici briefs.[4] Here, the City argues that the municipal code creates two offenses: the one contained within the original IMPC and the one created by Plano that does not require notice. We granted review in order to consider a city's ability to prosecute crimes under a model code.

---

[2] *State v. Cooper*, 396 S.W.3d 603 (Tex. App. – Dallas 2012).

[3] We do not find it necessary to address the issue so broadly.

[4] An amicus brief was filed by The General Counsel and Director of Education for the Texas Municipal Courts Education Center and another was filed by the Texas Municipal League, The Texas City Attorneys Association, and the International Municipal Lawyers Association.

## II

Since the resolution of this issue does not turn on evaluations of credibility and demeanor of witnesses, we apply a *de novo* standard of review.[5]

When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation.[6] In order to do this, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment.[7] This is because the law is the only thing that is actually enacted through compromise and debate, and because it is the only definitive evidence of what the legislators had in mind at the time of enactment.[8] Further, under our constitution, the judiciary is supposed to faithfully follow and enforce the adopted text.[9]

For these reasons, if the meaning of the text when read using the established canons of construction of such text should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning, unless the plain text would lead to absurd consequences that the legislature could not possibly have intended.[10]

In this case, the appellee was charged under section 6-46 of the Plano Code of Ordinances. Section 6-46 incorporates the IPMC as amended by the sections that follow in Plano's code. The amendments retained the majority of the original text and explicitly retained

---

[5] *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Cr. App. 2004).

[6] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Cr. App. 1991).

[7] *Ibid.*

[8] *Ibid.*

[9] *Ibid.*

[10] *Ibid.*

the requirement that persons be given notice that they are in violation of the code and then fail to comply before they can be charged with a misdemeanor. The charging instrument failed to allege that the appellee was given notice before being charged. Accordingly, it was insufficient to state a chargeable offense and was properly dismissed.[11]

The State argues that section 6-45 of the code constitutes a separate penal provision in addition to the original offense, section 106.3. Further, the State argues, that while 106.3 (as enacted through city ordinance 6-50) retains the requirement of notice before prosecution, the new violation created by 6-45 carries no such requirement. We do not reach this contention because the record is clear that both complaints alleged violations of section 6-46 (incorporating the original prosecution clauses of the IPMC), not 6-45.

In this case, the ordinance under which the City chose to charge the appellant is not ambiguous, and there is no need to look to other canons of statutory interpretation. The judgment of the court of appeals is affirmed.

### III

Our amici urged us to grant the State's petition in order to address more generally the adoption of "international" codes as adopted by municipalities and enforced under the Texas Code of Criminal Procedure. To date, both the Texas legislature and at least 301 Texas cities have adopted at least one international code. These codes give local governments the ability to adopt more thorough and well-researched codes at lower costs to their taxpayers.

---

[11] *See Vallejo v. State*, 408 S.W.2d 113, 114 (Tex. Cr. App. 1966) ("It is the rule that a complaint must state facts sufficient to show the commission of an offense charged...."); *see also* TEX. CODE CRIM. PROC. article 21.03 ("Everything should be stated in an indictment which is necessary to be proved.").

Plano, like many cities in Texas, is a home-rule city. Under the Texas Constitution, home-rule cities have broad legislative powers provided that no city ordinance "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."[12] In other words, so long as there is no actual conflict between a home-rule ordinance and the Constitution or a statute, the home-rule ordinance is not void.

The amicus brief from the General Counsel and Director of Education for the Texas Municipal Courts Education Center urges us to overrule the Court of Appeals's decision. It argues that the Court's opinion departs from long-accepted beliefs about charging instruments that allege city-ordinance violations and that it would limit the number of avenues available for prosecutors to charge an offense. Similarly, the brief filed by the Texas Municipal League, the Texas City Attorneys Association, and the International Municipal Lawyers Association argues that the Court of Appeals's decision creates uncertainty for other cities seeking to enforce their legislative schemes. We do not agree.

The City of Plano left the notice requirement in the text of the code and charged the appellee under those provisions.[13] Indeed, it explicitly amended (rather than deleted) the section on the requirements for a prosecution. If the intent was actually to eliminate the required notice, the City should have done just that. Since, however, it did not, we are left to enforce the words of the ordinance rather than an unexpressed intent that the City wishes us to infer.

---

[12] Tex. Const. art. XI § 5; *Richardson v. Responsible Dog Owners*, 794 S.W.2d 17, 19 (Tex. 1990).

[13] After these appeals were taken, the entire notice provision has been removed from the City's codes. The constitutionality of the new ordinance is not before us.

Our opinion and that of the Court of Appeals in no way limit a home-rule city from creating and enforcing municipal ordinances or limit its methods of prosecution. However, we will not guess at what a city intended to do with its codes. Instead, as always, we will enforce the plain language of the code as adopted.

The judgments of the courts below are affirmed.

Delivered November 20, 2013.
Publish.