

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00095-CR

DOUGLAS LYNN KIRK                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## DISSENTING OPINION

------------

I agree that the evidence sufficiently supports the murder conviction and that any error in the admission of evidence was harmless. But I disagree with the majority's holding that the trial court did not err by supplementing the jury charge sua sponte after the jury had begun deliberating. This court has noted,

> Article 36.16 of the code of criminal procedure governs supplemental jury charges, and it does not, in all instances, prevent the trial court from submitting a supplemental charge after deliberations have begun. Article 36.16 permits a supplemental charge as follows:

After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as is prescribed in Article 36.15.

Further, the court of criminal appeals has consistently held that a trial court may withdraw and correct its charge if convinced an erroneous charge has been given.[1]

But article 36.16 does not contain the caselaw exception,[2] although the legislature has had ample time to amend the statute since courts created this exception.[3]

In the case now before this court, the jury was deadlocked and could not reach a verdict as to count one. The jury had not been instructed to consider succeeding counts if they could not reach agreement on the first count. The jury did not request any additional instruction. Although the majority relies in part on *Roberson* in holding that the trial court properly supplemented the jury charge

---

[1]*Roberson v. State*, 113 S.W.3d 381, 384 (Tex. App.—Fort Worth 2003, pet. ref'd) (quoting Tex. Code Crim. Proc. Ann. art. 36.16 (West 2006)) (citations, alterations, and internal quotation marks omitted).

[2]Tex. Code Crim. Proc. Ann. art. 36.16.

[3]*See Smith v. State*, 898 S.W.2d 838, 854–55 (Tex. Crim. App.) (relying on *Bustillos v. State*, 464 S.W.2d 118, 125–26 (Tex. Crim. App. 1964), and *Nowlin v. State*, 76 Tex. Crim. 480, 175 S.W. 1070, 1072 (1915), for the exception), *cert. denied*, 516 U.S. 843 (1995).

after the case had been submitted to the jury,[4] *Roberson* is not really sound authority for that holding. In *Roberson*, we stated,

> Appellant relies upon *Moore v. State*, in which the First District Court of Appeals reversed and remanded a case involving a supplemental charge given to the jury after closing arguments had been completed. *Moore* is distinguishable from Appellant's case, however, **because the trial court in Moore violated article 36.16, in part, by giving a supplemental charge when there had been no request of the jury.**[5]

Here, unlike in *Roberson*, the jury did not request an additional charge. Further, the majority does not indicate that the trial court stated on the record that the original jury charge was erroneous, nor does the majority hold that the trial court's original charge was erroneous. Had Appellant requested the additional instruction, we would be looking at a question of invited error.[6] But Appellant did not request and did object to the additional instruction.

As the Texas Court of Criminal Appeals recently reminded us,

> When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. In order to do this, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. This is because the law is the only thing that is actually enacted through compromise and debate, and because it is the only definitive evidence of what the legislators had in mind at the time of

---

[4]Maj. Op. at 23–24.

[5]*Roberson*, 113 S.W.3d at 385 (emphasis added) (citation omitted).

[6]*See Tucker v. State*, 771 S.W.2d 523, 534 (Tex. Crim. App. 1988), *cert. denied*, 492 U.S. 912 (1989).

enactment.  Further, under our constitution, the judiciary is supposed to faithfully follow and enforce the adopted text.

For these reasons, if the meaning of the text when read using the established canons of construction of such text should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning, unless the plain text would lead to absurd consequences that the legislature could not possibly have intended.[7]

I would hold that the trial court erred by sua sponte supplementing the jury charge.  Because the majority opinion contravenes the clear wording of article 36.16 to hold that the trial court did not err, I must respectfully dissent.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  January 23, 2014

---

[7]*State v. Cooper*, Nos. PD-0001-13, PD-0202-13, 2013 WL 6081452, at *2 (Tex. Crim. App. Nov. 20, 2013) (citations omitted).

4